[Civ. No. 5919. Fifth Dist. Aug. 24, 1982.]

JIMMY DOYLE FRITTS, Plaintiff and Appellant, v.
COUNTY OF KERN et al., Defendants and Respondents.

**COUNSEL**

Black, Caldwell & Oelze and Lawrence A. Oelze for Plaintiff and Appellant.

Clifford, Jenkins & Brown, James E. Brown, Michael L. O'Dell and Patrick J. Osborn for Defendants and Respondents.

**OPINION**

**ANDREEN, J.**—This appeal raises the question whether the 30-day period for commencement of an action against a public entity (Gov. Code, § 946.6, subd. (f)[1]), following the granting of a petition for relief from the provisions of section 945.4, commences to run from the making of the order, from receipt of the clerk's notification of the ruling or from some other time. We hold that the sending of the clerk's notice does not extend the statutory time, which commences to run when the order is made.

---

[1]All statutory references are to the Government Code unless otherwise specified.

Having failed to file a timely claim against the respondent county pursuant to the Tort Claims Act[2] for alleged inadequate medical care while incarcerated in the county jail, and the county having refused his request for leave to file a late claim (§§ 911.2, 911.6), appellant petitioned the superior court pursuant to section 946.6 to be relieved of the requirement of filing a claim as a prerequisite for filing suit. The petition was heard on June 22, 1979.

A minute order granting the petition was prepared by the clerk on August 20, 1979, and mailed to the parties on the same day.[3] It constituted the court's order. (Code Civ. Proc., § 1003.)

Thirty-one days later, on September 20, 1979, appellant filed his complaint.

The county demurred to the complaint on the ground that it was barred by the 30-day statute of limitations in section 946.6, subdivision (f). The court sustained the demurrer without leave to amend.

By way of background, one seeking to file suit against a public entity must file a timely claim. (§ 945.4.) Failing that, a party may apply to the public entity for leave to present a late claim. (§ 911.4.) If this claim is denied or deemed denied (§ 911.6), a petition may be made to the superior court for relief from the provisions of section 945.4. (§ 946.6.)

Appellant successfully prevailed upon the court for an order relieving him of the necessity of filing a claim. The statute providing for this procedure, section 946.6, provides that "If the court makes an order relieving the petitioner from the provisions of Section 945.4, suit on the cause of action to which the claim relates must be filed . . . within 30 days thereafter." (*Id.*, subd. (f).)

The law is established that although the procedure for granting relief from the claim statutes is remedial in nature and must be liberally construed in favor of the claimant (*Tammen v. County of San Diego*

---

[2]These interrelated statutory provisions enacted in 1963 (§ 810 et seq.) were not given a "short title" by the Legislature. The denomination "Tort Claims Act" is consistent with judicial practice. (See, e.g., *Societa per Azioni de Navigazione Italia* v. *City of Los Angeles* (1982) 31 Cal.3d 446 [183 Cal.Rptr. 51, 645 P.2d 102]; *Longshore* v. *County of Ventura* (1979) 25 Cal.3d 14 [157 Cal.Rptr. 706, 598 P.2d 866].)

[3]There is no contention that the preparation of the minute order in the form used does not constitute "entry" of the order.

(1967) 66 Cal.2d 468, 480 [58 Cal.Rptr. 249, 426 P.2d 753]), such liberality does not extend to the 30-day statute of limitations. (*Rivera* v. *City of Carson* (1981) 117 Cal.App.3d 718, 726 [173 Cal.Rptr. 4]; *Tuolumne Air Service, Inc.* v. *Turlock Irrigation Dist.* (1978) 87 Cal. App.3d 248, 252 [150 Cal.Rptr. 809]; cf. *Chase* v. *State of California* (1977) 67 Cal.App.3d 808, 812 [136 Cal.Rptr. 833]; *Hunter* v. *County of Los Angeles* (1968) 262 Cal.App.2d 820, 822 [69 Cal.Rptr. 288]; *Chas. L. Harney, Inc.* v. *State of California* (1963) 217 Cal.App.2d 77, 90-91 [31 Cal.Rptr. 524].) The Tort Claims Act indulges late claimants; not late suitors. "A late claim suggests late discovery of the proper means of seeking redress. But once a claimant has filed his claim, he demonstrates familiarity with the statutory procedures governing his grievance, and can reasonably be charged with knowledge of the time limitations that are part of that procedure." (*Hunter, supra,* 262 Cal. App.2d at p. 822.)

■ The 30-day statute of limitations specified in subdivision (f) of section 946.6 commenced with the making of the minute order. In *McHale* v. *State of California* (1981) 125 Cal.App.3d 396 [178 Cal.Rptr. 83], the court held the filing of the minute order started the 30-day period, not the filing of a formal order prepared and filed some 18 days later: "We therefore conclude that the effective date of the order granting appellants' petition for judicial relief pursuant to Government Code section 946.6, subdivision (f), was the date of the minute order entry." (At p. 399.) This result comports with Code of Civil Procedure section 1003 which provides in part: "Every direction of a court or judge, made or entered in writing, and not included in a judgment, is denominated an order."

As our Supreme Court stated in *Viles* v. *State of California* (1967) 66 Cal.2d 24 [56 Cal.Rptr. 666, 423 P.2d 818]: "In 1965 section 912 was repealed, and a new procedure for obtaining judicial relief is set forth in section 946.6 of the Government Code. The petition to the superior court, after rejection of the application to the public entity to present a late claim, is now a petition for relief from having to present any claim at all.... If relief is granted, *suit must be filed in the granting court within 30 days after the order.*" (At p. 27, fn. 2, italics added.)

Extrinsic aids in determining legislative intent indicate the 30-day limit begins to run from the filing of the order and not from when petitioner receives notice thereof. The comments of the Law Revision

Commission to section 946.6 do not indicate a notice provision for subdivision (f) was contemplated: "Subdivision (f) provides a special period of limitations on actions that can be commenced only after relief from the claims presentation requirements is granted pursuant to the provisions of this section." (Cal. Law Revision Com. com. to Gov. Code, § 946.6, 32 West's Ann. Gov. Code (1980 ed.) p. 610.)

Subdivision (f) was added by the Legislature in 1965 as a part of a 1965 revision of the Tort Claims Act. (Stats. 1965, ch. 653, § 22, p. 2016.) The Legislature demonstrated an awareness of notice procedures in 1963 when it provided in section 913 for notice of rejection of a claim and again in 1970 when it amended the section to provide additionally for notice of allowance of a claim. (Stats. 1963, ch. 1715, § 1, p. 3379; Stats. 1970, ch. 104, § 4, p. 323.) It also provided that the commencement of suit be not later than six months after notice of rejection is personally delivered or deposited in the mail. (§ 945.6, subd. (a) [specifically referring to § 946.6].) Had it been the intention of the Legislature to require filing suit at any time other than within 30 days of the making of the order it would have said so. Reading a notice requirement into subdivision (f) would violate legislative intent as well as semantics.

The clerk notified the parties of the court's order because of the mandate of California Rules of Court, rule 204, which provides that after a court makes an order, the clerk shall forthwith notify the parties. The rule further provides that "it shall constitute service of notice only if the clerk is required to give notice pursuant to Code of Civil Procedure section 664.5. The failure of the clerk to give such notification shall not extend the time provided by law for performing any act except as provided in rule 2(a)." Code of Civil Procedure section 664.5, referred to in the rule above, provides for notification of entry of judgment, which is important for purposes of calculating the time of filing a notice of appeal. The fact that the mailing of the notice constitutes "service" only in cases of judgments is an indication of a disavowal of any intent to extend a statutory time for the "duty to do any act ... within any prescribed period...." (Code Civ. Proc., § 1013, subd. (a).) This point is made even more clear by the fact that rule 204 provides that failure to give notice does not extend the time for performing any act, with an exception not applicable here.

We conclude then, that the commencement of the 30-day limitation period in section 946.6, subdivision (f) is not extended until actual notification.

Nor is it extended by the additional period of five days provided for in Code of Civil Procedure section 1013, subdivision (a) which provides that in case of service of notice by mail "service is complete at the time of the deposit, but any prescribed period of notice and any right ... to do any act ... within any prescribed period ... after the service ... shall be extended five days...." This section was enacted "to make allowance for the uncertainties of mail delivery by giving recipients of mailed notices or papers longer time to act or exercise their rights." (*Review of Selected 1974 Cal. Legislation* (1975) 6 Pacific L.J. 219.) Since subdivision (f) does not require mailed notice Code of Civil Procedure section 1013 is not applicable.

Appellant strenuously urges us to follow two cases wherein actual receipt of notice rather than the mailing thereof was held to trigger the applicable special limitation periods. (*Simpson* v. *City of Los Angeles* (1953) 40 Cal.2d 271 [253 P.2d 464]; *Johnson* v. *Barreiro* (1943) 59 Cal.App.2d 213 [138 P.2d 746].) Both cases are distinguishable in that they deal with statutes which specifically required that notice be given. (*Simpson, supra*, at p. 280; *Johnson, supra*, at pp. 216-217.)

Lastly, appellant makes a meritless procedural due process argument asserting he has been denied his right to a hearing upon notice. The order of the superior court authorizing appellant to file suit against the county was dated August 20, 1979. A copy of the order was mailed to appellant's attorney who admitted receiving it on August 23, 1979. Appellant, through his attorney, had actual notice of the order and adequate time in which to file suit. His misconception of the law is not a denial of due process.

The judgment is affirmed.

Zenovich, Acting P. J., and Hammer, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.