[Civ. No. 26271. Fourth Dist., Div. One. Apr. 4, 1983.]

ROBERT HARDY et al., Plaintiffs and Appellants, v.
WESTERN LANDSCAPE CONSTRUCTION et al.,
Defendants and Respondents.

COUNSEL

Sparber, Haas & Ferguson and R. Ted Haas for Plaintiffs and Appellants.

Wingert, Grebing, Anello & Chapin, Michael M. Anello, Monteleone & McCrory and Patrick J. Duffy for Defendants and Respondents.

OPINION

**WIENER, Acting P. J.**—Plaintiffs Robert Hardy and his wife appeal the order denying their motion to vacate a mandatory arbitration award pursuant to Code of Civil Procedure section 473.[1] We reverse.

Under California Rules of Court, rule 1616(a)[2] a party may request a trial de novo by filing a request with the clerk of the court within 20 days after the arbitration award is filed. Rule 1615(c)[3] requires the clerk to enter the award as a

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise specified.

[2]All rule references are to the California Rules of Court. Rule 1616(a) provides: "Within 20 days after the arbitration award is filed with the clerk of the court, any party may request a trial by filing with the clerk a request for trial, with proof of service of a copy upon all other parties appearing in the case. The 20-day period within which to request trial may not be extended."

[3]Rule 1615(c) provides: "The clerk shall enter the award as a judgment forthwith upon the expiration of 20 days after the award is filed if no party has, during that period, served and filed a

judgment after the 20-day period has expired if no party has served and filed a request for trial. ■ The arbitration award has the same force and effect as a judgment in any civil action or proceeding, except that it is not subject to appeal and it may not be attacked or set aside except as provided in rule 1615(d). Under former rule 1615(d),[4] within six months of its entry a party could move to vacate the judgment on the ground the arbitrator was subject to a disqualification, or upon one of the grounds set forth in subdivisions (a), (b), and (c) of section 1286.2.

Here, the Hardys failed to request a de novo trial within 20 days after the filing of the arbitration award. Judgment was entered pursuant to rule 1615(c). Because none of the grounds listed in former rule 1615(d) was applicable, the Hardys moved under section 473[5] to vacate the judgment because of their excusable neglect in failing to file for a de novo trial within 20 days. The court denied their motion on the ground it had no jurisdiction to grant relief under section 473. This appeal ensued.

■ When the court ruled on the applicability of relief under section 473, appellate decisions on this issue were in conflict.[6] Now, however, under amended rule 1615(d),[7] effective January 1, 1983, a party against whom a judgment is entered pursuant to an arbitration award may move to vacate the judgment upon any of the grounds set forth in section 473. The amended rule applies here because a procedural statutory change applies to all pending suits. (*Pacific Vegetable Oil Corp.* v. *C. S. T., Ltd.* (1946) 29 Cal.2d 228, 232-233 [174 P.2d 441]; *Olson* v. *Hickman* (1972) 25 Cal.App.3d 920, 922 [102 Cal.Rptr. 248]; *Romero* v. *Hern* (1969) 276 Cal.App.2d 787, 791-792 [81 Cal.Rptr. 281].) A

request for trial as provided in these rules. Promptly upon entry of the award as a judgment the clerk shall mail notice of entry of judgment to all parties who have appeared in the case and shall execute a certificate of mailing and place it in the court's file in the case. The judgment so entered shall have the same force and effect in all respects as, and is subject to all provisions of law relating to, a judgment in civil action or proceeding, except that it is not subject to appeal and it may not be attacked or set aside except as provided in subdivision (d). The judgment so entered may be enforced as if it had been rendered by the court in which it is entered.''

[4]The pertinent part of former rule 1615(d) provides: "A party against whom a judgment is entered pursuant to an arbitration award may, within six months after its entry, move to vacate the judgment on the ground that the arbitrator was subject to a disqualification not disclosed before the hearing and of which the arbitrator was then aware, or upon one of the grounds set forth in subdivisions (a), (b), and (c) of Section 1286.2 of the Code of Civil Procedure, and upon no other grounds.''

[5]The pertinent part of section 473 provides: "The court may, upon such terms as may be just, relieve a party or his or her legal representative from a judgment, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise or excusable neglect.''

[6]Compare *Usher* v. *Soltz* (1981) 123 Cal.App.3d 692 [176 Cal.Rptr. 746] and *Martinez* v. *Ralphs Grocery Co.* (1982) 138 Cal.App.3d 557 [188 Cal.Rptr. 61] with *Alvarado* v. *City of Port Hueneme* (1982) 133 Cal.App.3d 695 [184 Cal.Rptr. 154].

[7]Rule 1615(d) was amended to include section 473 as one of the grounds to vacate an arbitration judgment. The amended rule was effective January 1, 1983.

lawsuit remains pending until its final determination on appeal. (*Olson* v. *Hickman, supra,* 25 Cal.App.3d at p. 922; *Romero* v. *Hern, supra,* 276 Cal.App.2d at pp. 791-792.) We see no reason not to apply this legal principle to changes in the California Rules of Court.

The change in rule 1615(d) is a procedural change accomplished by the Judicial Council under power to ". . . provide by rule for practice and procedure for all actions submitted to arbitration under this chapter." (§ 1141.14.) Moreover, parties do not have vested rights in existing remedies and rules of procedure. (See 5 Witkin, Summary of Cal. Law (8th ed. 1974) Constitutional Law, § 285, pp. 3574-3575.) Western Landscape has no vested right to the former procedure.

Because of the procedural posture of this case when the section 473 motion was first considered, we remand to permit the trial court to consider the motion on its merits. Both counsel may file further and/or supplemental declarations in support and/or opposition to the motion.

*Disposition*

Order reversed for further proceedings consistent with this opinion.

Work, J., and Butler, J., concurred.

A petition for a rehearing was denied April 22, 1983.