[No. G002598. Fourth Dist., Div. Three. May 29, 1987.]

MARILYN K. SIMPSON, Plaintiff and Respondent, v.
GEROLD G. WILLIAMS, Defendant and Appellant.

**COUNSEL**

Gerold G. Williams, in pro. per., for Defendant and Appellant.

Ronald W. Weiss and Joseph R. Saunders for Plaintiff and Respondent.

**OPINION**

**SONENSHINE, J.**—In this action we consider whether Code of Civil Procedure section 1013[1] extends the time for filing actions under Business and Professions Code section 6204.[2] We conclude section 1013 does not

---

[1] All further references to section 1013 are to Code of Civil Procedure section 1013.

[2] All further references to sections 6203 and 6204 are to Business and Professions Code sections 6203 and 6204.

extend the time for filing section 6204 actions, but Code of Civil Procedure section 473 may excuse untimely filings.[3]

In 1982, Marilyn K. Simpson hired Attorney Gerold G. Williams to represent her in a dissolution and civil action against her husband. Simpson agreed to pay a $5,000 retainer against which she presumed Williams would bill his hourly fee.

A dispute arose when Williams asserted it was a nonrefundable fee and refused to bill against it. Simpson petitioned to arbitrate the fee dispute through the Orange County Bar Association. On May 8, 1984, the arbitrators mailed notice to the parties of an award in Simpson's favor.

Williams filed an action for declaratory relief pursuant to section 6204, subdivision (c) challenging the award. This action was filed on June 8, 1984, 31 days after the mailing of the notice of award. Alleging Williams's filing was untimely, Simpson petitioned to confirm the arbitrator's award.

Williams argued section 1013 extends the section 6204 filing deadline by 5 days. The trial court disagreed, holding section 1013 does not extend the 30-day limit of section 6204. It granted Simpson's motion to confirm the award.[4]

I

■ Williams contends the 5-day extension granted pursuant to section 1013 applies to the mandatory 30-day limit of section 6204.[5] He equates "mailing of Notice of the Award" with "service." But the Legislature

---

[3]All further references to section 473 are to Code of Civil Procedure section 473.

[4]The trial court denied Simpson's motion to dismiss Williams's action. Neither party raises this issue on appeal.

[5]Section 1013, subdivision (a) provides: "In case of service by mail, . . . [t]he service is complete at the time of the deposit, but any prescribed period of notice and any right or duty to do any act or make any response within any prescribed period or on a date certain after the service of such document served by mail shall be extended five days if the place of address is within the State of California . . . ."

Sections 6203 and 6204 provide in relevant part: "Either party shall be entitled to a trial after arbitration if sought *within 30 days,* pursuant to subdivisions (b) and (c)." (§ 6204, subd. (a), italics added.)

"If no action is pending, the trial after arbitration shall be initiated by the commencement of an action in the court having jurisdiction over the amount of money in controversy *within 30 days after mailing of notice of the award.* . . ." (§ 6204, subd. (c), italics added.)

"Even if the parties to the arbitration have not agreed in writing to be bound, the arbitration award *shall become binding upon the passage of 30 days after mailing of notice of the award, unless a party has, within the 30 days, sought a trial after arbitration pursuant to Section 6204.* . . ." (§ 6203, subd. (b), italics added.)

intended "mailing" and "service" to be distinct. Section 6203, subdivision (a) provides, "The State Bar . . . shall deliver to each of the parties *with the award, an original declaration of service of the award.*" (Italics added.) By these words, the Legislature differentiated between the award and its *service.*

Furthermore, it is the *mailing,* and not the service, which initiates the time limit for filing pursuant to section 6203, subdivision (b) and section 6204, subdivision (c). Both sections require filing suit within "30 days after mailing of the award." This language, lacking any mention of "service," contrasts with section 6204, subdivision (b), which provides, "If the rejection of arbitration award has been filed by the plaintiff in the pending action, all defendants shall file a responsive pleading within 30 days following *service* upon the defendant of the rejection of arbitration award . . . ." (Italics added.)

The Legislature has provided for other time periods to commence by actions other than service. The *filing* of the arbitration award starts the period for requesting a trial de novo after judicial arbitration. (See Code Civ. Proc., § 1141.20.) Section 6204 is also similar to Government Code section 945.6, where the time limit begins to run when the pertinent documents are "*deposited* in the mail." (*Cole* v. *Los Angeles Unified School Dist.* (1986) 177 Cal.App.3d 1, 5 [222 Cal.Rptr. 426], italics added.) These statutes, with deadlines not connected to service, are unaffected by section 1013.

Williams relies upon *Mario Saikhon, Inc.* v. *Agricultural Labor Relations Bd.* (1983) 140 Cal.App.3d 581 [189 Cal.Rptr. 632], which considered the denial of a petition for review pursuant to Labor Code section 1160.8. The *Saikhon* court held petitioner's filing untimely, stating, "Only if 'issuance' is synonymous with 'service' would section 1013, subdivision (a) apply in this case." (*Id.,* at p. 583.) Williams argues mailing is synonymous with service, but the Legislature disagrees.

Williams also cites *Shearer* v. *Superior Court* (1977) 70 Cal.App.3d 424 [138 Cal.Rptr. 824], which determined section 1013 applicable to petitions for writ of mandate filed pursuant to Code of Civil Procedure section 418.10, subdivision (c). Code of Civil Procedure section 418.10, subdivision (c) provides: "[T]he defendant, within 10 days *after service upon him* of a written notice of entry of an order of the court denying his motion . . . may petition an appropriate reviewing court for a writ of mandate to require the trial court to enter its order quashing the service of summons . . . ." (Italics added.)

Likening this language to the mailing provision of section 6204, Williams argues section 1013 should apply to section 6204 as it does to Code of Civil Procedure section 418.10. But this language only illustrates the Legislature can provide for the time to run from the date of service instead of from the

date of mailing. (*Tielsch* v. *City of Anaheim* (1984) 160 Cal.App.3d 576, 580 [206 Cal.Rptr. 740].)

And we do not find *Fritts* v. *County of Kern* (1982) 135 Cal.App.3d 303 [185 Cal.Rptr. 212] controlling. The *Fritts* court refused to apply section 1013 to extend the period for filing suit under Government Code section 946.6. The court held because subdivision (f) of Government Code section 946.6 does not require mailed notice, section 1013 is inapplicable. (*Id.,* at p. 308.) Williams reasons because section 6204 does mention mailing of notice, section 1013 applies. Yet section 1013 is a *service* statute, and for the reasons previously explained, is inapplicable to the mailing provisions of section 6204. "Had it been the intention of the Legislature to require filing suit at any time other than within 30 days of the making of the order it would have said so. . . ." (*Id.,* at p. 307.)

*Pesce* v. *Dept. Alcoholic Bev. Control* (1958) 51 Cal.2d 310 [333 P.2d 15] and *Villa* v. *Workers' Comp. Appeals Bd.* (1984) 156 Cal.App.3d 1076 [203 Cal.Rptr. 26] are readily distinguishable. Business and Professions Code section 25760, analyzed in *Pesce,* provides, " 'If made by mail, service shall be made in the manner *prescribed by Section 1013* of the Code of Civil Procedure. . . .' " (*Pesce* v. *Dept. Alcoholic Bev. Control, supra,* 51 Cal.2d 310, 312, italics added.) In *Villa,* the court examined Administrative Code, title 8, section 10507 which provides, " '*The time requirements of Code of Civil Procedure Section 1013 shall govern all service* by mail.' " (*Villa* v. *Workers' Comp. Appeals Bd., supra,* at p. 1078, italics added.)

Williams contends section 6204 similarly incorporates section 1013 by providing, "*After* the filing of such an action, the action shall proceed in accordance with the provisions of Part 2 (commencing with Section 307) of the Code of Civil Procedure, concerning civil actions generally." (§ 6204, subd. (c), italics added.) But this assertion fails, for section 1013, and the rest of part 2, is incorporated only "after" a timely filing of the suit. Williams did not meet the deadline, and he cannot now invoke this or any other provision of section 6204.

Finally, section 1013 is a procedural statute of general application. (*Smith* v. *City and County of San Francisco* (1977) 68 Cal.App.3d at p. 227 [137 Cal.Rptr. 146].) The requirements of section 6203, subdivision (b) and section 6204, subdivision (c), on the other hand, are specific statutory provisions applicable only to actions concerning arbitration of attorney fees. ■ When specific and general statutes are inconsistent, "the special statutory enactment ' "will be considered as . . . exception[s] to the general statute whether [they were] passed before or after such general enactment.' " [Citations.]" (*Id.,* at p. 231.)

## II

In *Hardy* v. *Western Landscape Construction* (1983) 141 Cal.App.3d 1015 [190 Cal.Rptr. 766], the court held section 473 relief was available to excuse an untimely request for a de novo trial after *judicial arbitration*. The *Hardy* court relied on California Rules of Court, rule 1615, subdvisions (a), (c) and (d).[6]

Rule 1615(c) provides: "The clerk shall enter the award as a judgment forthwith upon the expiration of 30 days after the award is filed if no party has, during that period served and filed a request for trial . . . ." Rule 1615 (d), as amended in 1983, allows for a party to move to amend the judgment "upon one of the grounds set forth in section 473 . . . ."

■ Simpson argues that same relief is unavailable to Williams.[7] She points to sections 6203 and 6204, which govern attorney-client arbitration. Those sections lack any reference to section 473. She suggests the Legislature, by omitting mention of section 473, specifically intended to exclude it as a basis for relief.

Rule 1615(d) *was amended* in 1983 *to include section 473 relief.*[8] Section 6203 was amended that same year but no mention was made of section 473. Simpson maintains this is further evidence the Legislature does not intend section 473 to be applicable to section 6203.

Her argument is tempting. We, however, are not convinced. Rule 1615 (d) allows for vacation of a judgment "on the ground that the arbitrator was subject to a disqualification not disclosed before the hearing and of which the arbitrator was then aware, or upon one of the grounds set forth in section 473 or subdivisions (a), (b), and (c) of section 1286.2 of the Code of Civil Procedure, and *upon no other grounds. . . .*" (Italics added.) Rule 1616(a), in relevant part, provides: "The 30-day period within which to request trial *may not be extended.*" (Italics added.)

No such limiting language appears in sections 6203 and 6204. In other words, the rules had to be amended to include section 473 relief because the

---

[6]All statutory references to rules are to the California Rules of Court unless otherwise specified.

[7]The parties did not originally brief this issue, but we asked for further briefing on the applicability of section 473.

[8]Prior to that amendment, the rule specified section 473 relief was inapplicable. Several courts found they were "without equitable power to set aside a judgment on the grounds set forth under section 473. Sections 1141.23 and 1286.2, and rule 1615 (d) provide the only grounds upon which a mandatory judicial arbitration award may be vacated." (*Martinez* v. *Ralphs Grocery Co.* (1982) 138 Cal.App.3d 557, 560-561 [188 Cal.Rptr.], fn. omitted.)

only relief available was that specified. Sections 6203 and 6204 did not need to be changed to reflect the availability of section 473 relief because it was never prohibited. Moreover, sections 6203 and 6204 are legislatively created while the rules are adopted by the Judicial Council and the Supreme Court. Comparison of the statutes and the rules may be helpful, but it is not controlling.

Section 473 relief is available in the context of judicial arbitration. We can see no justification to deny it here.

### III

Williams sought relief based on his misinterpretation of section 1013's applicability. He did not petition for section 473 relief. However, section 473 allows a court to vacate a judgment based on "mistake, inadvertence, surprise or excusable neglect." We see no reason to remand this to the trial court for that determination. Williams's action for declaratory relief was one day late because he mistakenly believed he could rely on section 1013.

The judgment granting Simpson's motion to confirm the award is reversed. The matter is remanded to the trial court for hearing on Williams's motion for declaratory relief.[9]

Trotter, P. J., and Wallin, J., concurred.

---

[9]In light of our holding, we need not discuss Simpson's request for sanctions.