[No. S114829. July 11, 2005.]

JAMES N. MAYNARD, Plaintiff and Respondent, v.
LOUISE BRANDON et al., Defendants and Appellants.

## COUNSEL

Law Offices of Rodger A. Maynes and Rodger A. Maynes for Defendants and Appellants.

James N. Maynard, in pro. per., for Plaintiff and Respondent.

## OPINION

**MORENO, J.**—This case presents the issue of whether relief under Code of Civil Procedure section 473, subdivision (b)[1] is available when a party files an untimely request for a trial following an arbitration conducted pursuant to the mandatory fee arbitration act, Business and Professions Code section 6200 et seq. (the MFAA). Section 473, subdivision (b) authorizes a court to

---

[1] All subsequent statutory references are to the Code of Civil Procedure unless otherwise indicated.

relieve a party from a "judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." Section 473, subdivision (b) also requires a court to grant relief from a default, default judgment, or dismissal resulting from a mistake, inadvertence, surprise, or neglect attested to by an attorney in a supporting affidavit. Here, defendants demanded arbitration under the MFAA in response to a lawsuit initiated by plaintiff, defendants' former attorney, seeking attorney fees. After an arbitration panel issued an award in plaintiff's favor, defendants demanded a trial following arbitration, as allowed by the MFAA. Due to miscommunication between defendants' attorney and his secretary, however, the request for a trial following arbitration was filed with the court after the applicable statutory deadline. Defendants then sought relief under section 473, subdivision (b) on the ground that their failure to timely file the request resulted from their attorney's excusable error. The trial court denied relief, holding that section 473, subdivision (b) did not apply under the circumstances. The Court of Appeal disagreed and reversed.

We conclude that section 473, subdivision (b) cannot remedy a failure to meet the 30-day deadline for seeking a trial following arbitration under the MFAA. In allowing parties to seek a trial de novo after fee arbitration, the MFAA incorporates a procedure analogous for present purposes to a conventional appeal. As a general rule, section 473, subdivision (b) cannot extend the period in which a party must file a notice of appeal. No persuasive justification exists for departing from this well-established principle here, as the MFAA's terms, policy goals, and legislative history all indicate that the Legislature did not intend for the 30-day deadline for seeking a trial after fee arbitration to be subject to extension through invocation of section 473, subdivision (b). Accordingly, we reverse the Court of Appeal.

FACTUAL AND PROCEDURAL BACKGROUND

The parties agree that these are the relevant facts. On August 23, 1999, plaintiff James N. Maynard, an attorney, sued defendants Louise Brandon; Satyananda Apaji Tagra, also known as Frederick Saylor; Lakoo Kriya Church, successor organization to the Joy Life Church; and the Institute of Spiritual Education and Evolution in Riverside County Superior Court. With his lawsuit, plaintiff sought to recover legal fees allegedly owed him for his work in a dispute involving a trust. Instead of answering the complaint, defendants invoked their right under the MFAA to compel arbitration of the dispute. Plaintiff's suit was stayed pending completion of the arbitration.

After a hearing on the merits, the arbitration panel awarded plaintiff $101,000, an amount representing some, though not all, of the fees he sought. The panel mailed the notice of award to plaintiff and to defendants' prior counsel on August 27, 2001. Defendants retained new counsel on September 12, 2001.

An arbitration award becomes binding under the MFAA 30 days after the mailing of the notice of award, unless a party has within that time filed a request for a de novo trial after arbitration with an appropriate court. (Bus. & Prof. Code, §§ 6203, subd. (b), 6204, subds. (b), (c).) On September 24, 2001, defendants' new counsel mailed a "rejection of arbitration award" to plaintiff. However, the rejection was not filed with the Riverside County Superior Court until October 2, 2001, by which time the 30-day period for seeking a trial following arbitration already had expired.

Defendants subsequently filed a request for relief under section 473, subdivision (b). Defendants' request for relief claimed that the arbitration award had become binding only due to their attorney's mistake, inadvertence, surprise, or excusable neglect in failing to timely file the request for a trial following arbitration. In a declaration filed in connection with the request for relief, defendants' counsel attributed the late filing to his secretary's unforeseen departure from work due to a death in her family.

After finding that defendants had improperly noticed their request for relief, on December 4, 2001, the trial court granted plaintiff's petition to confirm the arbitration award. On January 28, 2002, the trial court denied defendants' noticed motion for relief under section 473, subdivision (b) from the order confirming the award. In denying the motion, the trial court concluded that the MFAA's deadline for seeking a trial following arbitration was not amenable to section 473, subdivision (b) relief. Three days later, the court issued a judgment for plaintiff in the amount of $101,000.

Defendants appealed, and the Court of Appeal reversed the judgment. The Court of Appeal likened the procedure for a trial after MFAA arbitration—at least in situations where the arbitration is commenced after an attorney initiates a lawsuit seeking recovery of fees—to the right to a trial de novo following judicial arbitration. (§ 1141.20; Cal. Rules of Court, rule 1616(a).) As the judicial arbitration statute and California Rules of Court both expressly authorize section 473, subdivision (b) relief in connection with a party's failure to timely seek a trial de novo following judicial arbitration (§ 1141.23; Cal. Rules of Court, rule 1615(d)(1)), the Court of Appeal reasoned that the same relief should be available here.

In so holding, the decision below recognized the long-standing disagreement between the Courts of Appeal regarding the availability of section 473, subdivision (b) relief upon a failure to comply with the 30-day deadline for seeking a trial following arbitration under the MFAA, with *Simpson v. Williams* (1987) 192 Cal.App.3d 285, 290–291 [238 Cal.Rptr. 566] (*Simpson*) holding that such relief is authorized, and *Shiver, McGrane & Martin v. Littell* (1990) 217 Cal.App.3d 1041, 1047–1049 [266 Cal.Rptr. 298] holding to the contrary. We granted review to resolve this conflict.[2]

DISCUSSION

The present dispute concerns the interplay between section 473, subdivision (b) and the MFAA's 30-day deadline for seeking a trial after fee arbitration. Defendants argue that upon a showing of mistake, inadvertence, surprise, or excusable neglect, section 473, subdivision (b) allows a court to relieve a party in their position from the consequences of a failure to meet this deadline. Plaintiff, for his part, contends that the 30-day deadline is mandatory and jurisdictional and that section 473, subdivision (b) therefore does not apply.

Section 473, subdivision (b) provides in pertinent part that "[t]he court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect," provided relief is sought "within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." In addition to authorizing discretionary relief, section 473, subdivision (b) requires a court to vacate a default, default judgment, or dismissal resulting from attorney "mistake, inadvertence, surprise, or neglect" where the culpable attorney timely files a sworn affidavit attesting to his or her error.

" '[T]he provisions of section 473 of the Code of Civil Procedure are to be liberally construed and sound policy favors the determination of actions on their merits.' [Citation.]" (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 256 [121 Cal.Rptr.2d 187, 47 P.3d 1056].) "[B]ecause

---

[2] Following briefing but before oral argument, the parties notified the court that they had settled their dispute, thus rendering the appeal moot as to the parties. Since this case "raises issues of continuing public importance," we have elected to retain jurisdiction in order to decide the issue presented. (*Lundquist v. Reusser* (1994) 7 Cal.4th 1193, 1202, fn. 8 [31 Cal.Rptr.2d 776, 875 P.2d 1279].)

the law strongly favors trial and disposition on the merits, any doubts in applying section 473 must be resolved in favor of the party seeking relief from default." (*Elston v. City of Turlock* (1985) 38 Cal.3d 227, 233 [211 Cal.Rptr. 416, 695 P.2d 713].)

The term "proceeding," as used in section 473, subdivision (b), incorporates " '[a]ll the steps or measures adopted in the prosecution or defense of an action.' [Citation.]" (*Zellerino v. Brown* (1991) 235 Cal.App.3d 1097, 1105 [1 Cal.Rptr.2d 222].) Accordingly, section 473, subdivision (b) may afford parties relief from the consequences of a wide variety of procedural errors committed in the course of an action. Errors held to be amenable to section 473, subdivision (b) relief include the issuance of untimely demands for expert witness disclosures (*Zellerino*, at pp. 1107, 1109), erroneous offers to compromise (*Zamora v. Clayborn Contracting Group, Inc., supra*, 28 Cal.4th 249, 256), inadvertent dismissals (*Palace Hardware Co. v. Smith* (1901) 134 Cal. 381, 384 [66 P. 474]), failures to timely respond to requests for admissions under section 2033 (*Elston v. City of Turlock, supra*, 38 Cal.3d 227, 234), and the untimely filing of cost bills (*Soda v. Marriott* (1933) 130 Cal.App. 589, 594 [20 P.2d 758]), just to name a few.

■ Notwithstanding the broad construction afforded section 473, subdivision (b), the statute does not offer relief from mandatory deadlines deemed jurisdictional in nature. (*Estate of Simmons* (1914) 168 Cal. 390, 396 [143 P. 697]; 8 Witkin, Cal. Procedure (4th ed. 1997) Attack on Judgment in Trial Court, § 155, p. 657.) Thus section 473, subdivision (b) cannot extend the time in which a party must move for a new trial, since this time limit is considered jurisdictional. (*Union Collection Co. v. Oliver* (1912) 162 Cal. 755, 756–757 [124 P. 435]; *Kisling v. Otani* (1962) 201 Cal.App.2d 62, 68 [19 Cal.Rptr. 913].) Nor does section 473, subdivision (b) generally apply to dismissals attributable to a party's failure to comply with the applicable limitations period in which to institute an action, whether by complaint (*Castro v. Sacramento County Fire Protection Dist.* (1996) 47 Cal.App.4th 927, 933 [55 Cal.Rptr.2d 193]; *Hanooka v. Pivko* (1994) 22 Cal.App.4th 1553, 1563 [28 Cal.Rptr.2d 70]) or by writ petition (*Kupka v. Board of Administration* (1981) 122 Cal.App.3d 791, 794–795 [176 Cal.Rptr. 214]).

■ Furthermore, except as authorized by statute, section 473, subdivision (b) may not excuse the untimely filing of a notice of appeal. (*Pressler v. Donald L. Bren Co.* (1982) 32 Cal.3d 831, 834 fn. 5 [187 Cal.Rptr. 449, 654 P.2d 219] (*Pressler*).) "The requirement as to the time for taking an appeal is mandatory, and the court is without jurisdiction to consider one which has

been taken subsequent to the expiration of the statutory period. In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal, even to relieve against mistake, inadvertence, accident, or misfortune." (*Stuart Whitman, Inc. v. Cataldo* (1986) 180 Cal.App.3d 1109, 1113 [226 Cal.Rptr. 42].)

█ With these principles in mind, we turn to the MFAA's provisions regarding the arbitration of fee disputes. Arbitration under the MFAA is limited to disputes concerning legal fees, costs, or both. (Bus. & Prof. Code, § 6200, subd. (a).) In the absence of written consent to arbitration, only one party to a fee dispute—the client—can compel submission of the controversy to an MFAA arbitration panel. (*Id.*, subd. (c).) Attorneys may invite, but cannot require, clients to participate in MFAA arbitration. (*Ibid.*) Fee arbitration may occur either before an attorney files a complaint seeking recovery of fees, or after such an action has been initiated but before the client files an answer. (*Id.*, § 6201, subd. (b).)[3] The filing and service of a request for arbitration automatically stays a pending lawsuit pertaining to fees, which remains stayed until the arbitrators issue their decision or the arbitration is otherwise terminated. (Bus. & Prof. Code, § 6201, subd. (c).) An MFAA arbitration award is not binding unless the parties agree otherwise. (*Id.*, § 6204, subd. (a).) Yet the MFAA also provides that "[e]ven if the parties to the arbitration have not agreed in writing to be bound, the arbitration award shall become binding upon the passage of 30 days after mailing of notice of the award, unless a party has, within the 30 days, sought a trial after arbitration . . . ." (*Id.*, § 6203, subd. (b).) █ This trial after arbitration is conducted de novo, essentially as if no arbitration had occurred. (*Id.*, § 6204, subd. (e); *Aguilar v. Lerner, supra,* 32 Cal.4th at p. 985.)

The MFAA's provisions for trial after arbitration were incorporated into the statute in response to attorney concerns that compulsory arbitration would otherwise deny them a jury trial on their claims relating to fees. (Special Com. on Resolution of Attorney Fee Disputes, letter to Bd. of Governors, State Bar of Cal., Apr. 29, 1976, p. 7.) Absent stipulation to binding fee arbitration, "either party shall be entitled to a trial after arbitration if sought within 30 days" after mailing of notice of the arbitration award. (Bus. & Prof. Code, § 6204, subd. (a).) As explained by the chairman of the State Bar

---

[3] A client waives the right to MFAA arbitration upon commencing an action or filing a pleading that seeks judicial resolution of a fee dispute or that requests affirmative relief against the responsible attorney for malpractice or professional misconduct. (Bus. & Prof. Code, § 6201, subd. (d); *Aguilar v. Lerner* (2004) 32 Cal.4th 974, 987 [12 Cal.Rptr.3d 287, 88 P.3d 24].)

committee that proposed what would become the MFAA, "If a trial <u>de novo</u> is desired, the party seeking the trial <u>de novo</u> must do so within thirty days of the mailing of notice of the arbitration award." (Frank E. Farella, letter to Hon. Peter M. Behr re Sen. Bill No. 1351 (1977–1978 Reg. Sess.) Mar. 28, 1978, p. 2.) "If there is an action pending, the trial after arbitration shall be initiated by filing a rejection of arbitration award and request for trial after arbitration in that action within 30 days after mailing of notice of the award." (Bus. & Prof. Code, § 6204, subd. (b).) "If no action is pending, the trial after arbitration shall be initiated by the commencement of an action in the court having jurisdiction over the amount of money in controversy within 30 days after mailing of notice of the award." (*Id.*, subd. (c).)[4]

■ In addressing a party's right to seek a trial de novo, "courts have historically applied the rules governing conventional appeals." (*Sinnamon v. McKay* (1983) 142 Cal.App.3d 847, 852 [191 Cal.Rptr. 295].) And upon inspection, a trial following arbitration under the MFAA resembles a conventional appeal in a number of respects. An appeal is "[a] proceeding undertaken to have a decision reconsidered by bringing it to a higher authority." (Black's Law Dict. (7th ed. 1999) p. 94, col. 1.) The MFAA's procedure for trial after arbitration resembles a conventional appeal in that it allows a court to entertain a dispute previously presented to and decided by another tribunal, in this case an MFAA arbitration panel. And just as filing a notice of appeal constitutes a prerequisite to appellate review (*Pressler, supra,* 32 Cal.3d at p. 835), only the filing of a request for a trial after arbitration authorizes the trial court to try a fee dispute de novo (Bus. & Prof. Code, §§ 6203, subd. (b), 6204, subd. (a)). But a trial following fee arbitration differs from a traditional appeal in other respects. Whereas most conventional appeals are taken from judgments entered by a trial court, a request for a trial after arbitration nullifies an award issued by an arbitration panel. And unlike the limited review typically conducted by appellate courts, for the most part a trial following fee arbitration proceeds in the trial court as if there had been no arbitration at all.

The relevant question thus becomes whether the rule prohibiting section 473, subdivision (b) relief in connection with an untimely appeal applies here notwithstanding the differences between a traditional appeal and a trial following MFAA arbitration. In *Pressler, supra,* 32 Cal.3d 831, we considered whether a deadline for seeking de novo judicial review of an administra-

---

[4] If there is no request for a trial following arbitration, the arbitration award may be confirmed, corrected, or vacated in the manner provided by the California Arbitration Act (§ 1280 et seq.). (Bus. & Prof. Code, § 6203, subd. (b).)

tive decision could be extended due to a party's mistake, inadvertence, or excusable neglect. The court in *Shiver, McGrane & Martin v. Littell, supra,* 217 Cal.App.3d at pages 1048–1049, relied on *Pressler* in concluding that section 473, subdivision (b) cannot excuse a failure to meet the MFAA's 30-day deadline for requesting a trial following fee arbitration, and we agree that *Pressler*'s analysis applies to the situation before us.

In *Pressler, supra,* 32 Cal.3d 831, we addressed Labor Code provisions that specify the procedure for taking an appeal from an order, decision, or award issued by the Labor Commissioner in a wage dispute. Under the Labor Code, a party to a wage dispute heard by the Labor Commissioner may, within 10 days after service of the Labor Commissioner's order, decision, or award, appeal the outcome to the superior court, where the matter is heard de novo. (Lab. Code, § 98.2, subd. (a).)[5] The employer in *Pressler* filed its notice of appeal three days after the 10-day statutory deadline had passed. (*Pressler,* at p. 833.) *Pressler* held that neither section 473[6] nor equitable grounds could excuse the untimely filing. (*Pressler,* at pp. 834–838.)

*Pressler* likened the procedure for appealing a decision by the Labor Commissioner to a conventional appeal, even though appeals in these wage disputes are taken after administrative proceedings and are heard de novo by the trial court. (*Pressler, supra,* 32 Cal.3d at pp. 835–836.) These differences were immaterial, *Pressler* concluded, because the relevant Labor Code provisions manifested the Legislature's intent to immunize the 10-day limit from extension. *Pressler* held, "In this case, the statutory framework established by the Legislature for the administrative resolution of wage disputes clearly demonstrates the mandatory and jurisdictional nature of the requirement that a party notice his or her appeal within 10 days." (*Id.* at p. 836.) In pertinent part, the Labor Code provides that a failure to timely file a notice of appeal from an order, decision, or award issued by the Labor Commissioner "shall result in the decision or award becoming final." (Lab. Code, § 98.1, subd. (a).) Once an order, decision, or award becomes final, a conforming judgment is to be entered by the clerk of the appropriate court. (*Id.,* § 98.2, former subd. (d), now subd. (e).) *Pressler* held that "[t]he import of these

[5] In 1988 the statute was amended so that in computing the Labor Code's 10-day deadline, the extensions for service by mail, express mail, or facsimile transmission set forth in section 1013 now apply. (Stats. 1988, ch. 96, § 3, pp. 414–415.)

[6] *Pressler, supra,* 32 Cal.3d 831 was decided before section 473 was divided into subdivisions in 1996. (Stats. 1996, ch. 60, § 1.) As appropriate, references to section 473 made in connection with the text's discussion of *Pressler* and other authority predating this amendment should be read as pertaining to the relief provisions now found within section 473, subdivision (b).

provisions is clear. The time for filing a notice of appeal from a decision of the Labor Commissioner is mandatory and jurisdictional. A late filing may not be excused on the grounds of mistake, inadvertence or excusable neglect. This conclusion is in harmony with the Legislature's purpose in providing an administrative forum for the resolution of wage disputes. [¶] The policy underlying this process is sound for it ensures the expedition of the collection of wages which are due but unpaid. [Citation.] Public policy has long favored the 'full and prompt payment of wages due an employee.' [Citation.] . . . Requiring strict adherence to the time requirement governing appeals from decisions of the Labor Commissioner can only help to assure the achievement of this overriding goal." (*Pressler*, at p. 837.)

Like the Labor Code provisions involved in *Pressler*, the MFAA frames the 30-day deadline for seeking a trial following fee arbitration in uncompromising language, stating that "the arbitration award *shall become binding* upon the passage of 30 days after mailing of notice of the award, unless a party has, within the 30 days, sought a trial after arbitration." (Bus. & Prof. Code, § 6203, subd. (b), italics added.) The MFAA thus envisions the deadline for seeking a trial following fee arbitration as injecting a measure of finality into a dispute. A party who fails to timely request a trial de novo normally may be presumed to have acquiesced in the result reached through arbitration. Consistent with *Pressler*, the significant consequences attendant to a failure to timely seek a trial after MFAA arbitration indicate that the right to seek a trial following fee arbitration should be treated like a conventional appeal for purposes of determining the availability of relief under section 473, subdivision (b).

And as in *Pressler*, excluding the possibility of section 473, subdivision (b) relief here would promote the MFAA's underlying policies. "The policy behind the mandatory fee arbitration statutes is somewhat more specific" than the general policy favoring arbitration. (*Manatt, Phelps, Rothenberg & Tunney v. Lawrence* (1984) 151 Cal.App.3d 1165, 1174 [199 Cal.Rptr. 246].) "The MFAA was first proposed by the Board of Governors of the State Bar of California in 1976 when, finding that disputes concerning legal fees were the most serious problem between members of the bar and the public, the board sought to create a mechanism for arbitrating disputes over legal fees and costs. Recognizing the 'disparity in bargaining power in attorney fee matters which favors the attorney in dealings with infrequent consumers of legal services' [citation], that many clients could not afford hiring additional counsel to litigate fee disputes in the civil courts [citation], and that previous schemes that called for voluntary arbitration were ineffective [citation], the Legislature enacted the MFAA." (*Aguilar v. Lerner, supra,* 32 Cal.4th at

p. 983; see also Hargarten & Ardisson, *Fine Tuning California's Mandatory Attorney Fee Arbitration Statute* (1982) 16 U.S.F. L.Rev. 411, 415 (Hargarten & Ardisson).) The MFAA thus makes available an arbitration mechanism designed to "alleviate the disparity in bargaining power in attorney fee matters which favors the attorney by providing an effective, inexpensive remedy to a client which does not necessitate the hiring of a second attorney." (*Manatt, Phelps, Rothenberg & Tunney v. Lawrence, supra,* 151 Cal.App.3d at p. 1174.)

█ Just as strict enforcement of the deadline for challenging a decision by the Labor Commissioner serves the policy goal of ensuring prompt payment of wages due employees, rigid adherence to the MFAA's deadline for seeking a trial following arbitration advances the statute's goal of ensuring clients an efficient and effective procedure for resolving fee disputes that minimizes the disparities in bargaining power that necessarily arise whenever the court system is implicated in a fee dispute. "In order to comply with the purpose of expeditious resolution of disputes through arbitration, time limits in which to challenge arbitration awards must be strictly enforced." (*Knass v. Blue Cross of California* (1991) 228 Cal.App.3d 390, 395 [279 Cal.Rptr. 124].) Authorizing section 473, subdivision (b) relief here would undermine the finality of binding fee awards, lead to additional reliance on the courts for resolving fee disputes, require more clients to hire counsel to represent them in litigating section 473, subdivision (b) motions and in subsequent proceedings, and worsen the disparity in bargaining power between clients and attorneys. These results would conflict with the Legislature's design in enacting the MFAA.

The MFAA's legislative history also supports the conclusion that section 473, subdivision (b) relief is unavailable here. In describing what would become the MFAA, the statute's crafters stated that the right to a trial following arbitration is "similar to the right of a trial de novo following a small claims judgment." (Special Com. on Resolution of Attorney Fee Disputes, letter to Bd. of Governors, State Bar of Cal., *supra,* p. 7.) It already was established by the time of the MFAA's genesis that section 473 cannot extend the period for taking an appeal from a judgment by a small claims court. (*Mills v. Superior Court* (1969) 2 Cal.App.3d 214, 216, fn. 3 [82 Cal.Rptr. 469].) It follows from the above that section 473, subdivision (b) does not apply in the present circumstances.

█ In summary, the terms, goals, and legislative history of the MFAA all direct us toward the conclusion that section 473, subdivision (b) cannot relieve a party from the consequences of a failure to meet the 30-day deadline for seeking a trial following MFAA arbitration, and we so hold. The Court of Appeal below and *Simpson, supra,* 192 Cal.App.3d 285 reached the contrary

result, however, by analogizing arbitration under the MFAA to judicial arbitration, under which section 473, subdivision (b) relief *is* available. This analogy to judicial arbitration is superficially attractive, but ultimately provides an insufficient basis upon which to find relief available here.

The judicial arbitration statute provides for court-ordered arbitration of disputes with limited amounts in controversy. (§§ 1141.11, 1141.12, subd. (b).)[7] The judicial arbitration statute and the California Rules of Court promulgated thereunder authorize a party to seek a trial de novo following judicial arbitration, provided it does so within 30 days after the filing of the arbitration award. (§ 1141.20; Cal. Rules of Court, rule 1616(a).) The judicial arbitration statute and California Rules of Court also provide that a party who fails to comply with the 30-day deadline for requesting a trial following judicial arbitration may seek relief under section 473 from the judgment that is entered automatically upon such default. (§ 1141.23; Cal. Rules of Court, rule 1615(d)(1).)

The Court of Appeal concluded that under the present circumstances, in which defendants sought arbitration following plaintiff's institution of a civil action seeking fees, MFAA arbitration was analogous to judicial arbitration and section 473, subdivision (b) relief therefore should be available to defendants. The Court of Appeal distinguished *Pressler*, holding that at the time defendants here compelled arbitration "jurisdiction had already vested in the trial court [with the filing of plaintiff's complaint]. As with a judicial arbitration, the trial court did not lose jurisdiction over the instant case while the fee dispute was being arbitrated but continued to monitor its progress, further distinguishing it from administrative review cases where the trial court has no jurisdiction until the appeal is filed." In likening MFAA arbitration to judicial arbitration, the Court of Appeal followed *Simpson, supra,* 192 Cal.App.3d 285, which had concluded that "[s]ection 473 relief is available in the context of judicial arbitration. We can see no justification to deny it" in connection with arbitration under the MFAA. (*Id.* at p. 291.)

Although similarities exist between judicial arbitration and arbitration under the MFAA, there are significant differences as well. Most obviously, the judicial arbitration statute and California Rules of Court expressly authorize section 473 relief from a judgment entered following judicial arbitration (§ 1141.23; Cal. Rules of Court, rule 1615(d)(1)), while the MFAA makes no mention of section 473, subdivision (b). *Simpson, supra,* 192 Cal.App.3d 285 attempted to explain away this difference by noting that, as

---

[7] Regardless of the amount in controversy, the parties to a dispute may stipulate to judicial arbitration. (§ 1141.12, subd. (a).)

first adopted, rule 1615(d) of the California Rules of Court (which predated the present § 1141.23, and the relevant provisions of which are now contained within rule 1615(d)(1)) limited the grounds upon which a judgment following judicial arbitration could be attacked or set aside to those expressly discussed in the rule, which did not mention section 473. (*Simpson*, at p. 290.)[8] Given this proscription, an explicit reference to section 473 had to be added to rule 1615(d) in order to make section 473 relief available. (*Simpson*, at pp. 290–291.)[9] *Simpson* noted that the relevant provisions of the MFAA contain no comparable "limiting language." (*Simpson*, at p. 290.) *Simpson* inferred from this distinction that section 473 relief was not prohibited under the MFAA. (*Simpson*, at p. 291.) In effect, in *Simpson*'s view section 473, subdivision (b) relief is available unless a statute or California Rule of Court specifically precludes it.

 While this principle may hold true with regard to interim procedural deadlines, it does not apply to deadlines for acts analogous to the filing of a notice of appeal, such as the filing of a request for a trial following arbitration under the MFAA. To the contrary, the rule has long been the reverse: "In the absence of an express authorization in the statute itself a court has no power to extend the time for taking an appeal, or to relieve an appellant from the effect of misfortune, accident, surprise, or mistake." (*Williams v. Long* (1900) 130 Cal. 58, 59 [62 P. 264]; see also *Estate of Hanley* (1943) 23 Cal.2d 120,

---

[8] Rule 1615(d) of the California Rules of Court was originally promulgated in 1976. The previous year, the Legislature had enacted a statute requiring the Judicial Council to provide by rule a uniform system of arbitration for certain causes in the superior courts. (Former § 1141.10, added by Stats. 1975, ch. 1006, § 1, p. 2364, and repealed by Stats. 1978, ch. 743, § 1, p. 2303.) This arbitration was voluntary for both parties, except that if a plaintiff stipulated that the arbitration award would not exceed $7,500 the defendant could be compelled to arbitrate the dispute. (*Ibid.*) As initially adopted, rule 1615(d) specified the circumstances upon which a judgment entered following judicial arbitration could be attacked or set aside, and the grounds stated did not include mistake, inadvertence, surprise, or excusable neglect. In 1978, the Legislature enacted a new statute that made judicial arbitration mandatory for certain civil actions with an amount in controversy of $15,000 or less per plaintiff (now $50,000 or less) and spelled out the arbitration procedure in greater detail. (Stats. 1978, ch. 743, § 2, pp. 2303–2307.) This statute also incorporated rule 1615(d)'s limitation of the grounds upon which a judgment entered after arbitration could be attacked or set aside. (Stats. 1978, ch. 743, § 2, pp. 2306–2307.) In 1982, the statute was amended to allow parties to seek relief under section 473 from a judgment entered following arbitration. (Stats. 1982, ch. 621, § 1, p. 2612.) Rule 1615(d) then was revised, effective January 1, 1983, to conform with this amendment.

[9] We observe that in the same session in which it amended the judicial arbitration statute to add a reference to section 473, the Legislature also made minor changes to the MFAA's provisions relating to a trial following arbitration. (Stats. 1982, ch. 979, §§ 3–4, pp. 3559–3560.) While both the amendments to the MFAA and the amendments to the judicial arbitration statute proceeded through the Senate and Assembly Judiciary Committees, the pertinent legislative history provides no indication that the Legislature ever seriously considered engrafting section 473 relief onto the MFAA, as it did with the judicial arbitration statute.

122–124 [142 P.2d 423]; *Lawson v. Guild* (1932) 215 Cal. 378, 380 [10 P.2d 459]; *Henry v. Merguire* (1896) 111 Cal. 1, 2 [43 P. 387]; Witkin, *New California Rules on Appeal* (1944) 17 So.Cal. L.Rev. 79, 91–92.)[10]

Other differences between judicial arbitration and MFAA arbitration are also relevant. Unlike judicial arbitration, MFAA arbitration seeks to resolve disputes without reference to the judicial system. As one court has described an MFAA arbitration, "[t]he arbitration proceedings here were not carried out before the court; they were not initiated on any order of the court, nor was any supervision of the court sought or provided . . . . The court proceedings, in fact, ceased pending outcome of the independent and extrajudicial arbitration hearing. . . . [¶] . . . [C]onsensual arbitration involves a forum 'alternative to, and independent of, the judicial . . . .' [Citation.] We believe this conclusion applies as well to arbitration elected by the client under Business and Professions Code, section 6200. The purpose of arbitration is to provide a nonjudicial alternative to dispute resolution. This nonjudicial nature is retained whether the arbitration occurs before a lawsuit is filed . . . or whether, as here, a lawsuit is stayed, or ceased, so that arbitration can be had." (*Reisman v. Shahverdian* (1984) 153 Cal.App.3d 1074, 1091 [201 Cal.Rptr. 194].)[11]

"Judicial arbitration, by contrast, is an adjunct to litigation. It is mandatory in certain cases, and it occurs only when an action has been filed." (*Blanton v. Womancare, Inc.* (1985) 38 Cal.3d 396, 402, fn. 5 [212 Cal.Rptr. 151, 696 P.2d 645].) "Unlike contractual arbitration, judicial arbitration takes place within the judicial arena and is necessarily followed by court action, consisting of either a trial de novo [citation] or entry of judgment on the award [citation]." (*Joyce v. Black* (1990) 217 Cal.App.3d 318, 322 [266 Cal.Rptr. 8].) In other words, while arbitration under the MFAA need not begin or end

---

[10] Accordingly, we disapprove of *Simpson v. Williams, supra,* 192 Cal.App.3d 285, to the extent it is inconsistent with the views expressed in this opinion.

[11] Citing *MJM, Inc. v. Tootoo* (1985) 173 Cal.App.3d 598 [219 Cal.Rptr. 100] defendants argue that relief under section 473, subdivision (b) is available in connection with arbitrations generally. *MJM* is inapposite, however, as it did not address the MFAA, a failure to timely seek a trial following arbitration, or any deadline analogous to the time for filing a notice of appeal. *MJM* involved the attempted confirmation of a contractual arbitration award. (*MJM,* at p. 601.) The opposition to the petition for confirmation argued that the petitioner had obtained the award through "undue means" that amounted to "mistake, inadvertence, surprise and excusable neglect" justifying relief in the form of denying confirmation of the award. (*Ibid.*) After stating that it saw "no reason to deny the availability of section 473 relief in nonjudicial arbitration proceedings," *MJM* affirmed the trial court's denial of the petition to confirm the award. (*Id.* at p. 604.) Even assuming that *MJM* correctly interpreted and applied the law in light of the facts before it, those facts are sufficiently distinct from those involved here that *MJM*'s view as to the applicability of section 473 in the circumstances before it has no bearing on the issue presently before us.

in the courts and may take place without reference to the judicial system, from the initial reference to arbitration to the ultimate filing of a judgment judicial arbitration operates under the auspices of the court. The deadline for seeking a trial de novo following judicial arbitration, therefore, is more readily likened to an interim procedural deadline of the type typically amenable to section 473, subdivision (b) relief than is the time limit for seeking a trial after MFAA arbitration.

In addition to this distinction between the two arbitration schemes, fee arbitration and judicial arbitration serve different policy goals. "Several considerations are unique to attorney's fee arbitration, including the importance of public confidence in the attorney-client relationship, 'the difficulty which clients of limited income may have in procuring an attorney to represent them against another attorney, and the vulnerability of clients when litigating against their former lawyers.' " (*Nodvin v. State Bar of GA.* (2001) 273 Ga. 559 [544 S.E.2d 142, 146], quoting *A. Fred Miller v. Purvis* (Alaska 1996) 921 P.2d 610, 618; see also *In re LiVolsi* (N.J. 1981) 85 N.J. 576 [428 A.2d 1268, 1281].) As discussed, the MFAA was enacted to address a disparity in bargaining power between clients and attorneys involved in fee disputes. Because "[a]ny requirement that mandates use of the judicial system places a client in a more disadvantageous situation than an attorney" (Hargarten & Ardisson, *supra*, at p. 441), in this particular context the right to a trial following arbitration should be construed relatively narrowly to keep with the MFAA's goals. Judicial arbitration, meanwhile, primarily seeks to alleviate court congestion. (See § 1141.10, subd. (a).) Although limiting a party's ability to challenge a judicial arbitration award might promote the goal of reducing court congestion, this end is sufficiently distinct from the MFAA's more narrow objective that the Legislature readily could have concluded that section 473, subdivision (b) relief should be available in one context but not the other. (Cf. *Hattersley v. American Nucleonics Corp.* (1992) 3 Cal.App.4th 397, 402 [4 Cal.Rptr.2d 331] ["Court congestion is not a valid basis for denying a litigant his or her day in court."].)

Moreover, it is significant that arbitration under the MFAA is always optional for the client, who is the disadvantaged party in a fee dispute. When judicial arbitration was voluntary for plaintiffs (former § 1141.10, added by Stats. 1975, ch. 1006, § 1, p. 2364, and repealed by Stats. 1978, ch. 743, § 1, p. 2303), rule 1615(d) the California Rules of Court barred section 473 relief from a judgment entered following a failure to timely seek a trial de novo after judicial arbitration. (See *Martinez v. Ralphs Grocery Co.* (1982) 138 Cal.App.3d 557, 560–561 [188 Cal.Rptr. 61] [discussing rule 1615(d) as promulgated in 1976]; *Usher v. Soltz* (1981) 123 Cal.App.3d 692, 695–696 [176 Cal.Rptr. 746] [same]; but see *Alvarado v. City of Port Hueneme* (1982)

133 Cal.App.3d 695, 703–704 [184 Cal.Rptr. 154] [holding that in limiting grounds upon which a judgment following arbitration could be " 'attacked or set aside' " or " 'vacated,' " rule 1615(d) and § 1141.23 did not also limit grounds upon which a party could be relieved from a judgment].) It was only after judicial arbitration became compulsory for both parties in certain types of cases (Stats. 1978, ch. 743, § 2, pp. 2303–2304) that the Legislature amended the judicial arbitration statute to authorize section 473 relief (Stats. 1982, ch. 621, § 1, p. 2612), with a conforming amendment later being made to the California Rules of Court. This development suggests a greater inclination to allow section 473, subdivision (b) relief in the context of statutory schemes that require both parties to participate in arbitration than in connection with arbitration programs that are optional for one or both parties.

The Court of Appeal below also fails to persuade with its distinction between fee arbitrations conducted after an attorney has filed an action seeking recovery of fees and those undertaken before any such lawsuit has been filed. The Court of Appeal concluded that the trial court had authority to consider defendants' motion for section 473, subdivision (b) relief on its merits because, in the Court of Appeal's view, the trial court possessed jurisdiction over the parties' dispute once plaintiff filed his complaint and retained jurisdiction both during arbitration and afterward. The Court of Appeal's approach begs the question of why the Legislature would intend for fee arbitration awards issued before the initiation of a lawsuit to be any more binding and final than awards issued after a complaint has been filed. Nothing in the MFAA or its legislative history signifies any such intention. Indeed, common sense counsels against premising the availability of section 473, subdivision (b) relief on whether attorneys race to courthouses with complaints faster than their clients proceed to the State Bar with demands for arbitration. (See Rules Proc. of State Bar, Fee Arbitrations and Enforcement of Awards by State Bar, rule 14.1 [providing that fee arbitration is initiated by filing request for arbitration with State Bar].)

 For the foregoing reasons, we conclude that the availability of section 473, subdivision (b) relief in connection with judicial arbitration does not alter the inflexible nature of the 30-day time limit for seeking a trial following fee arbitration under the MFAA. The conclusion that section 473, subdivision (b) relief is unavailable under these circumstances may impose a hardship on clients who do not timely seek a trial following fee arbitration. We believe, however, that the Legislature has determined that, in the long run, clients benefit from an arbitration system that produces a binding result if the parties do not invoke the judicial process within a fixed period following issuance of an award.

## Disposition

We reverse the judgment of the Court of Appeal, and remand this matter with instructions to reinstate the trial court's judgment.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., and Chin, J., concurred.