Filed 3/14/13  Di Benedetto v. Lais CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| LAWRENCE DI BENEDETTO,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>J. LAIS et al.,<br><br>Defendants and Respondents. | F064372<br><br>(Super. Ct. No. 08C0168)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Thomas DeSantos, Judge.

Lawrence Di Bendetto, in pro. per., for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Jonathan L. Wolff, Assistant Attorney General, Thomas S. Patterson and Kenneth T. Roost, Deputy Attorneys General, for Defendants and Respondents.

-ooOoo-

---

[*]      Before Cornell, Acting P.J., Detjen, J. and Peña, J.

Plaintiff and appellant Lawrence Di Benedetto appeals from an order dismissing his civil action. The Attorney General, representing defendants and respondents J. Lais and L. Smart, two prison officials,[1] concedes that we should reverse the judgment of dismissal. Having reviewed the briefs and the record, we concur.

The trial court previously sustained defendants' demurrer to plaintiff's second amended complaint, denied leave to amend, and entered judgment against plaintiff. Although concluding the demurrer was properly sustained, this court reversed the judgment, concluding that plaintiff was entitled to further amend the complaint to attempt to state a cause of action. Our dispositional language included the following: "The matter is remanded to the superior court, and that court shall modify its May 18, 2009, order so as to grant [plaintiff] a specified reasonable amount of time within which to amend his pleading." (*Di Benedetto v. Lais, supra*, F060165.)

This court's remittitur issued in July 2011. On October 6, 2011, defendants filed a notice of motion to dismiss the case because plaintiff had failed to file an amended complaint within 30 days of issuance of the remittitur.[2] On October 31, 2011, plaintiff filed opposition, asserting he was unaware of Code of Civil Procedure section 472b, and seeking relief from the default because of his excusable mistake in relying on the language in the dispositional paragraph of the appellate opinion. (The record on appeal does not contain the documents plaintiff apparently filed in support of the opposition, but defendants do not disagree with plaintiff's characterization of the contents of those

---

[1] This matter was before the Court of Appeal under the caption *Di Benedetto v. Lais* (May 11, 2011, F060165) [nonpub. opn.]. We take judicial notice of the opinion in that case.

[2] Code of Civil Procedure section 472b states, in relevant part: "When an order sustaining a demurrer without leave to amend is reversed or otherwise remanded by any order issued by a reviewing court, any amended complaint shall be filed within 30 days after the clerk of the reviewing court mails notice of the issuance of the remittitur."

documents.  In the interest of justice and judicial economy, we deem this agreement concerning the contents of the supporting papers to be an agreed statement as contemplated by California Rules of Court, rule 8.836(a).)  At a hearing on November 8, 2011, the court granted the motion to dismiss.  A formal order was filed December 12, 2011, and plaintiff appealed.

Code of Civil Procedure section 473, subdivision (b), provides, in part:  "The court may, upon any terms as may be just, relieve a party … from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect."[3]  Except in those instances in which the party's failure to act in a timely manner is considered jurisdictional, such as filing a motion for new trial or notice of appeal, section 473, subdivision (b), is to be liberally construed with a view to determination of actions on their merits.  (*Maynard v. Brandon* (2005) 36 Cal.4th 364, 371-372.)  Doubts about application of the section must be resolved in favor of the party seeking relief from default.  (*Id*. at p. 372.)  A trial court's ruling on section 473, subdivision (b) relief is reviewed for abuse of discretion.  (*Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1283.)

Three primary factors lead us to conclude reversal is required in the present case.  First and foremost, plaintiff plainly was misled by the language in our opinion in F060165, which reasonably implied that there would be a further order of the trial court setting a schedule for the filing of a third amended complaint.  (See *Gamet v. Blanchard, supra,* 91 Cal.App.4th at pp. 1284-1285.)  Second, plaintiff acted promptly once his default was brought to his attention by defendants' motion to dismiss; plaintiff's

---

**3**     The statute requires that an application for such relief be accompanied by a copy of the proposed pleading for which permission to file is sought.  In this case, it appears the clerk's office rejected the filing of a third amended complaint, attached to plaintiff's opposition to the dismissal motion, with a letter informing plaintiff he was required to seek leave of the court prior to filing the amended complaint.

opposition to the motion was timely, included an application for relief from default, and attempted to submit the amended pleading in question. Third, defendants were not significantly prejudiced by plaintiff's default (see 8 Witkin, Cal. Proc. (5th ed. 2008) Attack on Judgment in Trial Court, § 191, p. 791), and have conceded that relief from the default is appropriate. In light of these circumstances, the trial court abused its discretion in denying plaintiff's application for relief from his failure to timely file the third amended complaint.

## DISPOSITION

The judgment is reversed. Plaintiff shall have the opportunity to file his third amended complaint within 30 days after the clerk of this court mails notice of issuance of the remittitur in this appeal. The parties shall each bear their own costs on appeal.