Filed 6/17/14  Lasertone Corp. v. E.S.E. Eletronics CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| LASERTONE CORPORATION, | B248908 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC401101) |
| v. | |
| E.S.E. ELECTRONICS et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Steven J. Kleifield, Judge.  Reversed and remanded.

Law Office of Martin F. Goldman, Martin F. Goldman for Plaintiff and Appellant.

Law Office of John Drooyan, John N. Drooyan for Defendants and Respondents.

_____

This is the second appeal in this case. In the first appeal, we found in favor of plaintiff Lasertone Corporation (Lasertone), affirming the trial court's order granting Lasertone's motion to enforce a settlement agreement.

Following remittitur, Lasertone moved to recover costs and fees incurred on appeal pursuant to an attorney fees clause in its settlement agreement with defendants E.S.E. Electronics (ESE) and David Kazemi. The trial court denied the request for attorney fees, finding that it was bound by a prior ruling. Because we find that the settlement agreement provided for recovery of attorney fees in connection with the prior appeal, we reverse.

## FACTS

### The First Appeal[1]

Lasertone shipped to defendants products valued at $207,171.74. The products were diverted by a third party affiliated with defendants. Defendants did not pay for the products and Lasertone brought suit for the open account balance.

The parties eventually stipulated to entry of judgment in favor of Lasertone in the amount of $257,187.54 (including interest, costs, and fees), with entry of judgment to be stayed, provided that defendants paid the sum of $120,000 to Lasertone, and further that defendants used "their best efforts to pursue their claim for recovery from all insurance policies and sources available to them, for the losses alleged to have been sustained by Defendants from and on behalf of the conduct of Federico Kimura aka Ovando in diverting the shipments of goods to Defendants from Plaintiff, and which created the open account balance claimed to be due by Plaintiff in the principal sum of $207,171.74." The parties' settlement agreement required that defendants "execute all documents necessary to impose a first lien upon any recoveries sought by Defendant and shall agree to have any said recoveries issued to Defendants by a joint check made payable to

---

[1]    We summarize the facts and procedural history detailed in the unpublished opinion in the first appeal, B238589, filed October 22, 2012.

Plaintiff, as a joint payee and Defendants and pay over to Plaintiff from the first proceeds of any recovery, an additional sum up to a total amount of $80,000.00."

Thus, Lasertone stood to recover a total of $200,000. Defendants paid the first $120,000. They also pursued litigation against their insurance carrier, and eventually obtained a settlement. Defendants refused to pay Lasertone the additional $80,000, however, asserting that Lasertone was only entitled to receive a portion of the money, and that the rest should be paid to defendants' attorneys.

The trial court denied a request for a "turn over order" brought by Lasertone. Following the denial, Lasertone brought a "motion for enforcement of settlement" pursuant to Code of Civil Procedure section 664.6.[2] In its moving papers, Lasertone contended that it should receive the full $80,000, plus fees and costs it expended seeking to enforce the settlement agreement.

The trial court granted Lasertone's motion to enforce the settlement agreement, finding that it was entitled to recover the full $80,000 based on the language of the settlement agreement, but denied its request for attorney fees. Following an appeal by defendants, we affirmed the trial court's order. Because Lasertone did not appeal the trial court's denial of attorney fees, we had no occasion to examine the propriety of the denial.

**The Instant Matter**

Following remittitur, Lasertone filed a "motion to affix amount of attorney's fees awardable as item of cost." Lasertone asserted that as the prevailing party, it was entitled to recover attorney fees expended in the appeal based on the following language from the parties' settlement agreement: "In the event any party to this Agreement brings suit to enforce or interpret any provision of this Agreement, or is required to defend any action or proceeding, the defense to which is based upon any provision of this Agreement, the

---

[2]     Code of Civil Procedure section 664.6 provides: "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement."

unsuccessful party agrees to pay the prevailing party the court costs, and attorney's fees actually incurred by the successful party."

The trial court denied Lasertone's request for attorney fees, opining that it was bound by its prior ruling denying fees in connection with Lasertone's earlier motion to enforce the settlement agreement. The trial court found that, under the language of the settlement agreement, Lasertone was precluded from recovering attorney fees because Lasertone did not "bring suit to enforce or interpret any provision of" the settlement agreement.

Lasertone timely appealed.

## **DISCUSSION**

The determination of the legal basis for an attorney fee award is a question of law, which we review de novo. (*Connerly v. State Personnel Bd.* (2006) 37 Cal.4th 1169, 1175.)

Lasertone argues that it was authorized by the settlement agreement to recover the attorney fees expended on the prior appeal. Attorney fees can be awarded as costs to a prevailing party when authorized by contract. (Civ. Code, § 1717; Code Civ. Proc., §§ 1021, 1033.5, subd. (a)(10).) This includes fees incurred on appeal. (See Cal. Rules of Court, rules 8.278(d)(2), 3.1702(c).) We review de novo a contractual right to attorney fees, where the facts are not in dispute. (*Paul v. Schoellkopf* (2005) 128 Cal.App.4th 147, 151.)

The trial court based its decision to deny fees on language in the settlement agreement awarding fees to a party that "brings suit to enforce or interpret any provision of" the settlement agreement. The court found that Lasertone had not brought suit but had only successfully defended an appeal. Lasertone contends that the trial court failed to apply the more apt language in the settlement agreement that awards fees to any party "required to defend any action or proceeding, the defense to which is based upon any provision of this Agreement."

Lasertone's position is the correct one. By the express terms of the settlement agreement, it was not required to bring suit in order to be entitled to an award of attorney

4

fees. Rather, the settlement agreement contained another independent condition under which a party could recover fees. Lasertone was also entitled to a fees award if it was "required to defend any action or proceeding, the defense to which is based upon any provision of" the settlement agreement.

The prior appeal was brought by defendants. Lasertone's successful defense of the prior appeal was specifically based on the terms of the settlement agreement. This defense of the first appeal gave rise to a right to attorney fees because it was a defense of a "proceeding." (See *Maynard v. Brandon* (2005) 36 Cal.4th 364, 374 ["An appeal is '[a] proceeding undertaken to have a decision reconsidered by bringing it to a higher authority.' (Black's Law Dict. (7th ed. 1999) p. 94, col. 1.)"]; *Rooney v. Vermont Investment Corp.* (1973) 10 Cal.3d 351, 367 ["The term 'proceeding' may refer not only to a complete remedy . . . but also to a mere procedural step that is part of a larger action or special proceeding"]; *Ramirez v. Sturdevant* (1994) 21 Cal.App.4th 904, 918 ["Prosecuting an appeal is a proceeding discrete from proceedings in the trial court . . ."].)

Nor was the trial court bound by its prior order denying Lasertone's attorney fees. The first request was brought in conjunction with Lasertone's successful motion for enforcement pursuant to Code of Civil Procedure section 664.6. The parties' settlement agreement specifically required that a party seeking to enforce the settlement agreement "bring suit" in order to be entitled to attorney fees. Because Lasertone did not bring suit, the trial court's initial denial of fees was correct. The instant request for fees, however, was based entirely on fees incurred by Lasertone as the respondent on appeal. Because Lasertone's successful defense of the appeal was a defense of a proceeding based on the terms of the settlement agreement, Lasertone was entitled to recover fees expended in connection with the prior appeal.

## DISPOSITION

The trial court's order of May 15, 2013, is reversed.  On remand, the trial court is to determine the appropriate amount of attorney fees awardable to Lasertone in connection with the prior appeal, B238589.

Lasertone is awarded its attorney fees on appeal and its costs.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


                                        BOREN, P.J.

We concur:


ASHMANN-GERST, J.


CHAVEZ, J.

6