Filed 9/12/22  Estate of Leopold CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| Estate of KENNETH V. LEOPOLD, Deceased. | 2d Civ. No. B313758 (Super. Ct. No. 56-2021-00551440-PR-TR-OXN) (Ventura County) |
| KEVIN R. LEOPOLD, Appellant, v. KENNETH W. LEOPOLD, Respondent. | |

Appellant Kevin Leopold contested a trust that disinherited him of any interest in his late father's estate.  The probate court dismissed the petition as time-barred.  In so ruling, the court found the trustee, respondent Kenneth W. Leopold, timely served

notice under Probate Code section 16061.7[1] and thereby triggered section 16061.8's 120-day deadline to contest the trust. We affirm the court's ruling, as well as its denial of relief under Code of Civil Procedure section 473.

FACTUAL BACKGROUND
AND PROCEDURAL HISTORY

Kenneth and Kevin are brothers.[2] Their late father's estate plan treated them very differently. Kenneth received all trust property, including sole title to the longtime family home at 3666 Birdsong Avenue in Thousand Oaks. Kevin received nothing. A trust their father executed in 2016 (the 2016 Trust) expressly disinherited him. A restatement executed in January 2020 (the 2020 Restatement) did so as well. Their father died in April 2020. Kenneth serves as trustee of the estate and now lives at the Birdsong house with his wife Diana. Kevin is a transient.

Appellant filed a petition contesting the validity of the 2020 Restatement on March 3, 2021. (§ 17200.)[3] He alleged his brother's undue influence caused his father to disinherit him. Kenneth objected to Kevin's petition as time-barred under section 16061.8. He submitted affidavits and exhibits showing Kevin missed section 16061.8's 120-day deadline by three months using even the most conservative methods of calculation. In addition,

---

[1] Unlabeled statutory cites are to the Probate Code.

[2] We refer to the parties by their first names to avoid confusion. No disrespect is intended.

[3] Appellant titled his contest "Petition for Determining the Construction, the Validity, and Ascertaining the Beneficiaries of the Trust."

Kenneth added that Kevin would have nothing to gain from contesting the 2020 Restatement anyway because their father had already disinherited him in the 2016 Trust.

In reply, Kevin argued that Kenneth violated the Probate Code's notice requirements by mailing trust communications to the Birdsong house. (§ 16061.7.) He insisted Kenneth "would have known where to find [him]" and should have used a different method of service under the circumstances. Alternatively, Kevin's counsel sought relief from dismissal under Code of Civil Procedure section 473 because a miscommunication with his court service delayed the petition's filing.

The probate court held Kevin received section 16061.7 notice on July 9, 2020. This meant the March 2021 filing date fell well beyond the 120-day deadline. It also denied counsel's request for relief under section 473. Kevin appealed. (§ 1304; Code. Civ. Proc., § 904.1, subd. (a)(10).)

DISCUSSION

*A. Probate Code Section 16061.7 Notice*

Section 16061.7, subdivision (a)(1) requires a trustee to notify heirs "[w]hen a revocable trust or any portion thereof becomes irrevocable because of the death of one or more of the settlors of the trust." The trustee must do so within 60 days of the settlor's death. (*Id.*, subd. (f).) The notice must advise recipients of their right to receive a copy of the trust and provide them with the trustee's contact information. (*Id.*, subd. (g).) It must also contain the following admonition: "'You may not bring an action to contest the trust more than 120 days from the date this notification by the trustee is served upon you or 60 days from the date on which a copy of the terms of the trust is delivered to you during that 120-day period, whichever is later.'" (*Id.*, subd.

3

(h).) Section 1215 allows the trustee to serve the section 16061.7 notice by personal delivery, electronic service, or mailing it to the recipient's "place of residence." (§§ 1215, subd. (a)-(c); 16061.7, subd. (e).)

Determining whether Kevin received valid section 16061.7 notice required the probate court to resolve interrelated issues of law and fact. We review its decision for substantial evidence. (*Crocker National Bank v. City and County of San Francisco* (1989) 49 Cal.3d 881, 888 ["If the pertinent inquiry requires application of experience with human affairs, the question is predominantly factual and its determination is reviewed under the substantial evidence test"].)

Substantial evidence supported the trial court's finding that Kevin received notice on July 9, 2020. Kenneth offered a signed section 16061.7 notice dated May 29, 2020. The attached proof of service showed counsel mailed the notice separately to Kevin, Kenneth, and Diana on June 16, 2020. Kenneth's affidavit explained that Kevin resided in the family home for many years until their father evicted him in 2019. Kevin continued to use Birdsong to receive correspondence from his bank, the DMV, the Social Security Administration, and courts in which he had criminal cases pending. The brothers had since developed a system in which Kevin would retrieve mail and other items when needed from the porch mailbox. Kenneth described one such retrieval on July 9, 2020. He offered text messages showing Kevin received the notice and asked Kenneth how to proceed. The probate court resolved the parties' conflicting accounts of these events in Kenneth's favor.

Kevin also contends sections 1215 and 16061.7 require personal or electronic service whenever a person is transient or,

4

stated differently, as limiting service by mail to only those persons with a traditional residential or "home" address. These plainly worded statutes do not support his interpretation. We note the trial court accounted for Kevin's unique circumstances by calculating his filing deadline from the date he retrieved the notice from the mailbox (July 9, 2020) instead of the date counsel mailed the notice (May 16, 2020). Service by mail is generally considered effectuated upon the latter. (§ 1215, subd. (a)(4).)

### B. Relief Under Code of Civil Procedure Section 473, subdivision (b)

Kevin's counsel attributed the late filing to an error involving his attorney service. The court correctly denied relief under Code of Civil Procedure section 473, subdivision (b).[4] The statute does not provide relief from a party's failure to meet jurisdictional deadlines such as section 16061.8's 120-day contest period. (See *Maynard v. Brandon* (2005) 36 Cal.4th 364, 372 [Code Civ. Proc., § 473, subd. (b) cannot extend time to move for new trial]; *Abers v. Rohrs* (2013) 217 Cal.App.4th 1199, 1211 [excusable neglect not a basis for relief from 100-day deadline to petition the court to vacate the arbitration award].) Kevin would have fared no better even if he had timely contested the 2020 Restatement. The 2016 Trust disinherited him as well. We find no occasion to reverse absent a showing of prejudice. (*York v. City of Los Angeles* (2019) 33 Cal.App.5th 1178, 1190; see Cal. Const., art. VI, § 13; Code Civ. Proc., § 475.)

---

[4] Section 473, subdivision (b) states in pertinent part: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect."

5

## CONCLUSION

The judgment is affirmed. Respondent shall recover his costs on appeal.

NOT TO BE PUBLISHED.


                                              PERREN, J.*

We concur:



GILBERT, P.J.



YEGAN, J.

---

\* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Roger L. Lund, Judge
Superior Court County of Ventura
_____


    Law Office of Ara Aroustamian, Ara Aroustamian; Mazur & Mazur, Janice R. Mazur, for Appellant.

    Law Offices of Mary P. Kulvinskas, Mary P. Kulvinskas, for Respondent.