[No. B233399. Second Dist., Div. Five. Feb. 15, 2012.]

BERNARD ROSENSON, Plaintiff and Respondent, v.
GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP,
Defendant and Appellant.

690

COUNSEL

Greenberg Glusker Fields Claman & Machtinger, Charles N. Shephard and Rachel Wilkes Barchie for Defendant and Appellant.

Law Offices of Richard P. Petersen and Richard P. Petersen for Plaintiff and Respondent.

OPINION

**KRIEGLER, J.**—A retainer agreement between a client and a law firm provided for binding arbitration of fee disputes. The parties initially participated in nonbinding arbitration pursuant to the Mandatory Fee Arbitration Act (MFAA; Bus. & Prof. Code, § 6200 et seq.).[1] Within 30 days of a nonbinding MFAA arbitration award in favor of the client, the law firm filed a demand for binding arbitration under the retainer agreement. Rather than participate in binding arbitration, the client filed a petition to confirm the arbitration award. Agreeing with the client, the trial court ruled the law firm's demand for binding arbitration was ineffective in the absence of filing a superior court action to compel arbitration. The court granted the client's petition to confirm the arbitration award under the MFAA. We hold the law firm's arbitration demand was effective to invoke the arbitration clause without filing a superior court action to compel arbitration, and therefore reverse.

## BACKGROUND

Bernard Rosenson signed a retainer agreement in 2003 with the law firm of Greenberg Glusker Fields Claman & Machtinger LLP (Greenberg Glusker). The agreement provided for arbitration of fee disputes before a retired judge or justice in Los Angeles County. After a fee dispute arose, Rosenson requested nonbinding arbitration before the Beverly Hills Bar Association pursuant to the MFAA. The arbitrators' decision was filed October 8, 2010, and served on October 13, 2010. The arbitrators found that Rosenson should have been charged $841,851.19, rather than the $916,851.19 he had paid in fees. The arbitrators awarded Rosenson the difference of $75,000 and $5,000 in costs.

On November 1, 2010, Greenberg Glusker filed a demand for arbitration of the dispute with the Judicial Arbitration and Mediation Services (JAMS). Rather than participating in arbitration, on January 24, 2011, Rosenson filed a petition to confirm the nonbinding arbitration award. Greenberg Glusker

---

[1] All references are to the Business and Professions Code, unless otherwise indicated.

opposed the petition, arguing it had exercised its contractual right to arbitration by filing a demand with JAMS within 30 days of the nonbinding award.

Rosenson filed a reply, arguing that a nonbinding arbitration award under the MFAA becomes final if an action is not filed within 30 days under the language of section 6204, subdivisions (a) and (c). Greenberg Glusker's written arbitration demand to JAMS did not constitute an action, as it contemplated no court proceedings. Although timely, Greenberg Glusker's demand was ineffective.

The trial court granted the petition confirming the arbitration award, ruling that Greenberg Glusker's filing of the demand for arbitration was not the filing of an action under the MFAA. Judgment was entered on March 30, 2011, and this timely appeal followed.

## DISCUSSION

Greenberg Glusker argues the trial court misinterpreted the MFAA by ruling that the only way to prevent an award under the MFAA from becoming final is by filing a superior court action to compel arbitration. We agree. If the parties have agreed in writing to binding arbitration, a demand for arbitration within 30 days of service of the MFAA award is a proceeding that prevents finality of the MFAA award.

*Standard of Review*

"In construing a statute '[o]ur task is to discern the Legislature's intent. The statutory language itself is the most reliable indicator, so we start with the statute's words, assigning them their usual and ordinary meanings, and construing them in context. If the words themselves are not ambiguous, we presume the Legislature meant what it said, and the statute's plain meaning governs. On the other hand, if the language allows more than one reasonable construction, we may look to such aids as the legislative history of the measure and maxims of statutory construction. In cases of uncertain meaning, we may also consider the consequences of a particular interpretation, including its impact on public policy.' (*Wells v. One2One Learning Foundation* (2006) 39 Cal.4th 1164, 1190 [48 Cal.Rptr.3d 108, 141 P.3d 225].)" (*Schatz v. Allen Matkins Leck Gamble & Mallory LLP* (2009) 45 Cal.4th 557, 571 [87 Cal.Rptr.3d 700, 198 P.3d 1109] (*Schatz*).)

*The MFAA*

The California Arbitration Act (CAA; Code Civ. Proc., § 1280 et seq.) is a comprehensive, detailed statutory scheme applicable to all civil disputes

based on the strong public policy in favor of arbitration as a quick and relatively inexpensive means of dispute resolution. (*Schatz, supra,* 45 Cal.4th at p. 564; *Aguilar v. Lerner* (2004) 32 Cal.4th 974, 983 [12 Cal.Rptr.3d 287, 88 P.3d 24] (*Aguilar*).) The Legislature created the MFAA as a separate and distinct arbitration scheme applicable to disputes between clients and attorneys over legal fees, costs, or both. (§ 6200, subd. (a); *Schatz, supra,* at pp. 565–566.)

Unlike arbitration based on an agreement under the CAA, arbitration under the MFAA is based on statute and does not require a prior agreement. (*Schatz, supra,* 45 Cal.4th at p. 565; *Aguilar, supra,* 32 Cal.4th at p. 984.) The MFAA arbitration is voluntary for the client, but mandatory for the attorney if commenced by the client. (§ 6200, subd. (c); *Schatz, supra,* at p. 565; *Aguilar, supra,* at p. 984.) An award under the MFAA is not binding, absent a written agreement to make it binding by the parties. In contrast, the party's typical expectation under the CAA is that the arbitration award will be final. (*Schatz, supra,* at p. 565; *Aguilar, supra,* at pp. 984–985.)

The finality of an award under the MFAA depends upon the actions of the parties. "The parties may agree in writing to be bound by the award of arbitrators appointed pursuant to this article at any time after the dispute over fees, costs, or both, has arisen. In the absence of such an agreement, either party shall be entitled to a trial after arbitration if sought within 30 days . . . ." (§ 6204, subd. (a).) "If no action is pending, the trial after arbitration shall be initiated by the commencement of an action in the court having jurisdiction over the amount in controversy within 30 days after service of notice of the award." (§ 6204, subd. (c).)

■ Trial is not the only form of litigation available after MFAA arbitration. A written agreement to participate in binding arbitration after completion of the MFAA arbitration process is enforceable. "[T]he statute makes clear that, once the MFAA arbitration process is validly completed or terminated, leaving one or both parties dissatisfied, '[t]he action or other proceeding may thereafter proceed subject [only] to the provisions of Section 6204.' (§ 6201, subd. (c) . . . .) This 'or other proceeding' reference, also added in 1996, is a strong indication that, unless section 6204 clearly provides otherwise, binding arbitration, pursuant to a preexisting agreement, may go forward once the MFAA arbitration process is over." (*Schatz, supra,* 45 Cal.4th at p. 571.) "The subdivision does not foreclose the possibility that, under a general agreement between the parties, the *nonbinding* MFAA process should be followed by *binding* arbitration, rather than by a lawsuit." (*Id.* at p. 572.)

*Analysis*

As the above authorities demonstrate, Greenberg Glusker had a valid contractual right to arbitrate the fee dispute after completion of the MFAA process. The law firm properly invoked the right to binding arbitration under the retainer agreement by filing a timely demand, which prevented the MFAA award from becoming final. The reasoning of Rosenson and the trial court— that an action to compel arbitration in superior court is the only method of preventing an award under the MFAA from becoming final—is inconsistent with our Supreme Court's determination that binding contractual arbitration is an alternative, acceptable form of dispute resolution. In addition, as explained below, Greenberg Glusker could not state a cause of action to compel arbitration in a superior court action at the time it filed the demand, because Rosenson had not yet refused to arbitrate.

■ *Schatz, supra*, 41 Cal.4th at pages 571–572 affirmatively establishes that arbitration under the CAA may follow nonbinding arbitration under the MFAA, if agreed to in writing by the parties, and invoked within the 30-day time period of section 6204, subdivision (a). The proper means of commencing arbitration under the CAA is the filing of a demand, which is the course of action followed here by Greenberg Glusker. Had Greenberg Glusker filed a superior court action to compel arbitration, rather than a demand for arbitration, it would have run afoul of settled California law prohibiting an action to compel arbitration until the opposing side has refused to arbitrate. "Under section 1281.2, 'a party to an agreement to arbitrate may not bring an action to compel specific performance of the arbitration provision until he or she can allege not only the existence of the agreement, but also that the opposing party *refuses to arbitrate* the controversy. Therefore, it appears that a cause of action to compel arbitration does not accrue until one party has refused to arbitrate the controversy.' (*Spear v. California State Auto. Assn.* [(1992) 2 Cal.4th 1035,] 1041–1042 [9 Cal.Rptr.2d 381, 831 P.2d 821].)" (*Wagner Construction Co. v. Pacific Mechanical Corp.* (2007) 41 Cal.4th 19, 29 [58 Cal.Rptr.3d 434, 157 P.3d 1029]; see *Fagelbaum & Heller LLP v. Smylie* (2009) 174 Cal.App.4th 1351, 1362 [95 Cal.Rptr.3d 252] [demand for arbitration is a pleading]; *Blatt v. Farley* (1990) 226 Cal.App.3d 621, 626–627 [276 Cal.Rptr. 612] [where parties have agreed to arbitrate, either party can commence arbitration proceedings simply by filing a demand for arbitration].)

Rosenson's argument, carried to its logical conclusion, would require Greenberg Glusker to file a meritless action to compel arbitration before Rosenson had refused to arbitrate. The purpose of arbitration is to provide a quick and efficient form of alternate dispute resolution. Requiring Greenberg Glusker to file a superior court action to compel arbitration before Rosenson refused to participate is inconsistent with the goals of arbitration. We decline to interpret the MFAA in a manner that compels this unreasonable result.

■ Greenberg Glusker had a contractual right to arbitrate. It invoked that right in the traditional way, with a demand for arbitration within 30 days of the nonbinding award under the MFAA. The trial court should have denied the motion to confirm the nonbinding award in favor of Rosenson, because binding arbitration under the retainer agreement remained unresolved.

## DISPOSITION

The judgment is reversed. Costs on appeal are awarded to Greenberg Glusker Fields Claman & Machtinger LLP.

Armstrong, Acting P. J., and Mosk, J., concurred.