Filed 11/22/19; Certified for Publication 12/4/19 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SURJIT P. SONI,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>SIMPLELAYERS, INC., et al.,<br><br>  Defendants and Appellants. | B284164<br><br>(Los Angeles County<br>Super. Ct. No. EC063728) |

  APPEAL from a judgment of the Superior Court of Los Angeles County, William D. Stewart, Judge. Reversed.

  Akin Gump Strauss Hauer & Feld, Rex S. Heinke, Jessica M. Weisel, for Defendants and Appellants.

  The Soni Law Firm, M. Danton Richardson, Leo E. Lundberg, Jr., for Plaintiff and Respondent.

_____

This case involves the deadlines to set aside an arbitration award after arbitration of an attorney-client fee dispute under the Mandatory Fee Arbitration Act (MFAA) (Bus. & Prof. Code, § 6200 et seq.)[1] by requesting a trial or filing a pleading to vacate the award.  A client filed a request for arbitration under the MFAA with the Los Angeles County Bar Association (LACBA).  The attorney objected to the arbitrator that the request for arbitration was untimely, and therefore, the client had waived the right to arbitrate.  Arbitration proceedings were held, and the arbitrator issued an award of $2.50 in favor of the attorney.  Thirty-three days after the arbitration award was served on the parties by mail, the attorney filed an action in the trial court to recover the full amount of the disputed fees.  The client filed a petition in the pending action to confirm the arbitration award on the ground that the award became binding when the attorney did not file an action within 30 days after service of the award.  The attorney filed a response to the petition, more than 100 days after service of the award, asserting that the request for trial was timely and the arbitrator lacked jurisdiction.  The trial court concluded that the attorney's action was timely, because Code of Civil Procedure section 1013 extended the attorney's time to file by five days for service of the award by mail; the trial court denied the client's petition to confirm the arbitration award.  At trial, the court issued an award of $2,890 in favor of the

---

[1] All further statutory references are to the Business and Professions Code unless otherwise stated.

2

attorney, and also awarded $79,898 in attorney fees to the attorney as the prevailing party.

On appeal, the client contends the trial court erred in concluding that Code of Civil Procedure section 1013 extends the 30-day time to file an action under section 6204, and the attorney's untimely filing means the arbitrator's award must be confirmed. The attorney contends that the trial court's ruling that he had an additional five days to file should be affirmed. Alternatively, the attorney contends a tolling provision in section 6206 means his action was timely. Finally, the attorney contends that even if his time to file an action was not extended, the arbitrator never had jurisdiction over the fee dispute, because the client failed to request arbitration within 30 days of receiving notice of arbitration rights.

We conclude that under LACBA's Rules for Conduct of Mandatory Arbitration of Fee Disputes Pursuant to Business & Professions Code Section 6200 et seq. (the LACBA rules), service is complete at the time of deposit in the mail and not extended for service by mail. The arbitration award became binding when the attorney did not file an action within 30 days after service. Section 6206 did not extend this 30-day deadline. The attorney is barred under Code of Civil Procedure section 1288 from asserting a ground that supports vacating the award, because the attorney did not file a petition or a response within 100 days of service of the award. Even if the attorney were not barred from raising arbitrability issues, however, the LACBA rules provide that

3

the arbitrator has the authority to determine jurisdiction and the arbitrator's ruling that the fee dispute was arbitrable is not reviewable for errors of law or fact. We reverse, with directions.

## FACTUAL AND PROCEDURAL HISTORY

### Attorney-Client Relationship

Respondent attorney Surjit P. Soni, doing business as The Soni Law Firm (collectively Soni), operates his legal practice as a sole proprietorship and hires attorneys to work for him. Appellant Timothy Tierney was an acquaintance of attorney Ron Perez, who performed work for Soni. In 2009, Tierney engaged Soni, through Perez, to work on publicity claims and patent prosecution. Tierney and Soni executed an attorney-client agreement. Tierney signed the agreement as an individual and provided an email address at his company Cartograph, Inc.[2]

---

[2] Soni provides office space and resources to the attorneys associated with his business, assigns work to the attorneys, bills clients based on the time reflected in the attorneys' records, and compensates the attorneys who worked on the client matters at a rate lower than the rate billed to clients. Soni also supplies benefits to the attorneys, including paying a portion of their bar dues, and provides W-2 forms. The attorney-client agreement used plural pronouns as well. For example, the agreement stated, "On rare occasion we have trouble collecting payment for our

4

Correspondence from the United States Patent and Trademark Office required responses in August and September 2013. On June 18, 2013, Tierney called and learned Perez was no longer working with Soni. Soni offered that Tierney could: (1) keep his legal matters with Soni; (2) terminate the relationship with Soni and engage Perez directly; or (3) find a different law firm for his legal work. Tierney said he would think about it and let Soni know his decision. He instructed Soni to do no further work on Tierney's legal matters until hearing from Tierney.

Soni asked attorney Michael Long to review Tierney's files and complete the work indicated. On July 17, 2013, Long began reviewing the work performed on Tierney's patent cases over the prior four years. On July 25, 2013, Long wrote an e-mail to Tierney introducing himself as the attorney handling Tierney's patent and trademark matters under Soni's direction. Long analyzed the next steps for Tierney's applications.

On July 31, 2013, Tierney responded that he planned to stay with Perez for continuity. He confirmed that he would pay the outstanding balance owed to Soni, which he believed was $4,941. On August 8, 2013, a legal assistant to Soni sent invoices to Tierney by e-mail, which included charges for Long's legal services. On October 8, 2013, Tierney wrote an e-mail to Soni with instructions and asked Soni to adjust the time that Long billed on July 17, 19, and

services. Since our firm is a law office and not a bank, unpaid bills work a substantial hardship on us."

25, 2013, because Tierney had not authorized the legal services performed by Long.

On October 14, 2013, Long wrote a letter to Tierney stating, "As I notified you previously, you are entitled to your file. Ron is welcome to coordinate with Cassandra to obtain the file. [¶] I understand that you spoke with Mr. Soni and that you promised to pay $1,000 by the end of the week and to sign this letter. Please countersign and return signed copy to The Soni Law Firm the following letter [*sic*]: [¶] I, Timothy Tierney, and the president of Cartograph, Inc. [*sic*] I acknowledge that The Soni Law Firm has provided services to Cartograph Inc. And that there is an outstanding balance of $7,211.00 less a check payment of $100.00 which will presumably clear. After discussing the matter, I agree to personally guarantee the debts of Cartograph, Inc. for the full amount owed, less any accommodation The Soni Law Firm may permit, by paying no later than November 30, 2013. By signing below, I agree to the above terms without reservation." Tierney signed the letter on October 15, 2013, and returned it to Soni.

On November 18, 2013, Tierney sent a letter to Soni with a check in the amount of $3,531. He referred to adjustments that he was asking Soni to consider on the basis that he did not authorize Long or Soni to perform legal services on Tierney's behalf after he was told that Perez was no longer employed by Soni.

On December 18, 2013, Soni prepared a "Notice of Client's Right to Fee Arbitration" for an outstanding balance

6

of $3,580.  The notice of arbitration rights did not list the post office box in Tierney's address.  That day, Soni's legal assistant sent an e-mail to Tierney at "tierney@cartograph.com" with the subject line "Tierney – Notice of Arbitration."  The text of the e-mail stated, "On behalf of The Soni Law Firm, please see the attached documents."  The attachment was the notice of arbitration rights.

## Arbitration

Tierney submitted a petition for fee arbitration under LACBA's attorney-client arbitration services on February 19, 2014.  On February 25, 2014, Tierney sent a letter to Soni on letterhead for SimpleLayers, Inc., asking for a tax form.  Tierney noted that his company's name had changed, and he provided new contact information.  His post office box number was the same, but his new email address was "tim@simplelayers.com."

On January 5, 2015, attorney Long sent a letter to the arbitrator stating that he was representing Soni.  He requested dismissal of the arbitration on the ground that it was untimely, and therefore waived under section 6201, subdivision (a).  Tierney had been given notice of his right to arbitrate on December 18, 2013.  Failure to request arbitration within 30 days after receipt of the notice from an attorney was deemed a waiver under section 6201, and Tierney had initiated arbitration more than 30 days after

7

receipt of the notice, thereby waiving his right to arbitration. As a result, the arbitration should be dismissed for lack of jurisdiction.[3]

---

[3] On January 9, 2015, Long wrote the arbitrator the following letter: "Mr. Soni respectfully requests reconsideration of the ruling re: jurisdiction. In response to Mr. Tierney's letter of January 8, 2015 and the recent ruling: [¶] First, via U.S. mail, the Notice of Client's Right to Fee Arbitration was provided to Mr. Tierney's last known mailing address. Our records confirm service by mail was also performed on December 18, 2013. This satisfies the requisite notice. [¶] Second, via email, the Notice was also provided to Mr. Tierney's last known email address. Mr. Tierney used that same email address just two days before the notice, so his claim of 'disuse' is not credible. (Exhibit C – December 16, 2013 Email from Tierney via tierney@cartograph.com). It matches the email address used to provide him with the Notice two days later. (Exhibit D – December 18, 2013 Email to Tierney at tierney@cartograph.com). No change or 'disuse' message was received from Mr. Tierney. Mr. Tierney admits he received the notice in his email inbox, again confirming the December 18, 2013 notice. Mr. Tierney used the email, and by checking it, he cannot fairly disclaim its use under the circumstances. A 'read receipt' is not required by Section 6201(a). In addition, Mr. Tierney never established the date range when he stopped checking his email. Simply abandoning his email makes no sense when he was never locked out of his email, and still clearly had access to it. Indeed, Mr. Tierney seizes artificially on the lack of read receipt, which a response thereof could likely be denied in any event. The email was sent and no 'undeliverable' return

On January 16, 2015, Long submitted Soni's reply to the petition for arbitration, stating that Soni was "specially appearing" and reserving jurisdictional objections.

An arbitration hearing was conducted on January 30, 2015. Tierney challenged billing charges of $3,720, because he had not authorized Long or Soni to perform legal services on his behalf after being informed that Perez was no longer employed by Soni. Soni and Long testified that although they had not received further directions from Tierney, they believed they had a duty to continue to represent Tierney, including handling his cases with the United States Patent and Trademark Office, until instructed otherwise. In light of the fact that Tierney clearly stated that he needed to think about his legal representation and get back to Soni on the next steps, the arbitrator was not persuaded that Soni had a duty to continue working on Tierney's case until Tierney definitively terminated the attorney-client relationship. Nothing needed to be done in the immediate future on Tierney's matters. Furthermore, Soni or Long could have easily contacted Tierney by telephone or e-mail to inquire whether Tierney was going to continue to be represented by Soni or terminate the relationship. Soni unilaterally proceeded with additional legal work that Tierney had not authorized based on their most recent conversation. Even if

email was received. [¶] Therefore, notice is met under California Bus. & Prof. Code, Section 6201(a). Mandatory arbitration cannot be compelled and the case should be _dismissed_ for lack of jurisdiction."

9

the deadlines in Tierney's cases necessitated quick action, waiting a day or two for clear instructions from Tierney would have been reasonable and not jeopardized the pending cases.

The arbitrator concluded Tierney was not liable for the fees charged by Long under two rationales. First, Tierney had not authorized the fees charged by Long and was not responsible for paying them, regardless of the personal guarantee that Soni had Tierney sign. Second, Long's charges to review Tierney's matters were duplicative billing. When the attorney responsible for the matters left the firm, it was a staffing issue and the costs associated with taking over the case should have been absorbed as a cost of business. The subsequent lawyer's review of the file duplicated work that had been previously performed by the initial lawyer, and the client cannot be billed for the duplicative work. In addition, Soni had attempted to charge fees for collection activities to Tierney, which the arbitrator found should not have been billed to Tierney and were duplicative.

During the arbitration, Tierney agreed not to dispute charges totaling $380 associated with transferring his file. The parties stipulated that with respect to undisputed fees, Tierney had a credit balance of $140. The arbitrator allocated the initial arbitration fee of $242.50 to Soni and the amended arbitration filing fee of $26 to Tierney. The arbitrator awarded net fees to Soni of $2.50. The arbitrator

10

signed the award on February 11, 2015. The arbitration award was served by mail on February 13, 2015.

**Lawsuit**

On March 18, 2015, attorneys who were associated with Soni, including Long, filed a complaint on Soni's behalf against Tierney for breach of contract, quantum meruit, money had and received, book account, fraudulent and negligent misrepresentation, fraudulent inducement to enter into a contract, and breach of guaranty. Soni sought $3,580 in fees and $23,898 for collection expenses.

Tierney filed an answer. On June 30, 2015, Tierney filed a petition in the pending action to confirm the arbitration award. The petition alleged that no party had rejected the award and requested trial within 30 days after notice of the arbitration award was mailed, and as a result, the arbitration award was binding.

On July 24, 2015, Soni filed an "opposition" to the motion to confirm the arbitration award, and a request to dismiss the petition, or in the alternative, correct the award to reflect the amount of attorney fees Soni sought in the complaint. Soni's arguments relied on the arbitrator's lack of jurisdiction and Soni's lack of proper notice of the arbitration award. Soni stated that he had objected twice in January 2015 that the arbitrator lacked jurisdiction. He added, "Mr. Tierney's assertion that he did not receive email notice despite the parties' ongoing prior communications

amounts to procuring the arbitration by fraud. Nevertheless, Mr. Soni participated in the arbitration proceeding under objection to the arbitration as untimely and fraudulently invoked, and elected non-binding arbitration."

Soni argued that the arbitration award was invalid, because there was no evidence that three signed copies of the award were provided to the Arbitration Committee Office, no notice was provided of the parties' post-arbitration rights as required under rule 35 of the LACBA rules, the award failed to decide all of the issues submitted to the arbitration, and the award improperly construed the language of the attorney-client fee agreement.

Soni also argued that the action was timely, because section 6206 and rule 48 of the LACBA rules tolled the time to file a civil action until 30 days after receipt of the arbitration award. He argued that the time for filing a civil action was based on the date that the arbitration award was received, not the date that the arbitration award was mailed, and Soni had received the award on February 17, 2015. In addition, the time to file an action was extended by five days under Code of Civil Procedure section 1013 based on service of the arbitration award by mail.

Soni submitted his declaration in support of his opposition. He provided the e-mail sent by his legal assistant on December 18, 2013, with the notice of the right to arbitration. He also submitted Tierney's letter providing new contact information in February 2014. He provided one

12

of his January 2015 letters to the arbitrator objecting that Tierney's request for arbitration was untimely. Soni declared that during the arbitration proceeding in January 2015, Tierney stated that he did not check his old email address and did not receive the notice of his right to arbitration.

Tierney filed a reply on July 31, 2015, arguing that the arbitration award became binding 30 days after service under section 6204, subdivision (b). In addition, Soni had failed to exercise his opportunity to vacate or correct the arbitration award by raising his claims within 100 days after service of the arbitration award. The arbitration award was served on February 13, 2015, and Soni did not petition the court to vacate or correct the award within the 100-day time limit that expired on May 24, 2015. The time limits in sections 6203 and 6204 controlled over the tolling provisions of section 6206. Tierney requested an award of attorney fees.

The trial court issued a tentative ruling finding the arbitration award was not binding, because Code of Civil Procedure section 1013 extended the time to file an action by five days for service of the arbitration award by mail, and Soni had commenced a civil action within the required time period. The trial court acknowledged case law that held the 30-day time period began to run from the date that the award was mailed, but the Legislature had subsequently amended sections 6203 and 6204 to replace the term "mailing" with "service," and thereby altered the law.

13

Tierney filed a supplemental reply on August 31, 2015, arguing that the existing case law and the LACBA rules provided that the time for filing an action was not extended under Code of Civil Procedure section 1013 for service by mail. Soni filed a supplemental response arguing that the action was timely and the trial court had jurisdiction, because Code of Civil Procedure section 1013 extended the time to file an action by five days based on service of the award by mail.

A hearing was held on September 4, 2015. Tierney argued that under the case law, the State Bar rules, and the LACBA rules, there was no extension of the time period in which an arbitration award became binding for service by mail. The trial court denied the motion to confirm the arbitration award and set a date for trial.

A bench trial was held over four days in January and February of 2017. On March 21, 2017, the trial court issued a tentative ruling. The court stated that an attorney proceeds at his peril if work is suspended without written instructions in the face of an impending deadline. Tierney's matter was an open case, and it was a universal practice among competent attorneys to review open client files periodically, typically monthly. The court concluded that professional and fiduciary duties bound someone to look at the file. Soni and Long were not aware of Perez's practice to contact Tierney for authorization to perform further work. Long needed to prepare to answer a broad range of questions that Tierney might ask. In addition, the court found the

amount that Tierney guaranteed was the outstanding balance of $7,211. Soni argued that he was entitled to an award of attorney fees, because Soni was not self-represented during the action. The court found Soni's W-2 employees represented Soni in the trial court action as independent contractors, as if Soni hired a firm across the street or down the hall, and Soni was entitled to an award of attorney fees.

Judgment was entered on May 19, 2017, in the amount of $2,890 in favor of Soni, plus pre-judgment interest, attorney fees, and costs to be determined. On July 28, 2017, Tierney filed a notice of appeal from the May 19, 2017 judgment and all intermediate rulings. Soni filed a motion requesting an award of $281,191.65 in attorney fees and costs. The trial court awarded attorney fees of $79,898. Tierney filed a notice of appeal from the post-judgment order awarding attorney fees, and this court consolidated Tierney's appeals.[4]

## DISCUSSION

### Statutory Scheme

The MFAA is a statutory scheme for the arbitration of attorney-client disputes over legal fees, costs, or both.

---

[4] Tierney's request for judicial notice of a post office address and the legislative history of section 6203, filed with this court on July 3, 2019, is granted.

(*Rosenson v. Greenberg Glusker Fields Claman &
Machtinger LLP* (2012) 203 Cal.App.4th 688, 692–693
(*Rosenson*).)  The MFAA has its own rules and limitations,
distinct from the framework of the California Arbitration Act
(CAA) (Code Civ. Proc., § 1280 et seq.), which governs
private contractual agreements to arbitrate.  (*Aguilar v.
Lerner* (2004) 32 Cal.4th 974, 983–984.)  "The MFAA
arbitration is voluntary for the client, but mandatory for the
attorney if commenced by the client."  (*Rosenson, supra*, 203
Cal.App.4th at p. 693.)

Section 6200 directed the State Bar to adopt rules for
local bar associations to sponsor systems for arbitration and
mediation of fee disputes under the MFAA.  The rules of
procedure that are adopted by local bar associations are
subject to review by the State Bar.  (§ 6200, subd. (d).)

An attorney is required to provide notice of the client's
right to fee arbitration prior to, or at the same time as,
serving an action or commencing a proceeding against the
client to recover fees and costs.  (§ 6201, subd. (a); Rules of
State Bar, rule 3.501(B) ["attorney must provide the
mandatory State Bar Notice of Client's Right to Fee
Arbitration form"].)  If the client does not request arbitration
within 30 days after receipt of the notice, the right to
arbitration under the MFAA is deemed waived.  (§ 6201,
subd. (a).)

The arbitration award is not binding, although the
parties can agree to be bound by the award at any time after
the dispute arises. (§§ 6203, subd. (b), 6204, subd. (a).)  Even

16

absent an agreement between the parties, however, the arbitration award becomes binding 30 days after service of notice of the award, unless a party requests a trial de novo within the 30 days.  (§ 6203, subd. (b).)

**<u>Judicial Review of Arbitration Awards</u>**

"California has a long-established and well-settled policy favoring arbitration as a speedy and inexpensive means of settling disputes." (*Hightower v. Superior Court* (2001) 86 Cal.App.4th 1415, 1431 (*Hightower*).)  An arbitration award is not independently enforceable; it has the force and effect of a contract between the parties to the arbitration until it is confirmed or vacated.  (Code of Civ. Proc., § 1287.6; *Cinel v. Christopher* (2012) 203 Cal.App.4th 759, 765.)

The MFAA borrows the procedures of the CAA to confirm, correct or vacate an arbitration award.  (*Levinson Arshonsky & Kurtz LLP v. Kim* (2019) 35 Cal.App.5th 896, 906.)  A party may petition to the court where an action is pending, or to the court having jurisdiction over the amount of the award if no action is pending, to confirm, correct or vacate the award "in the same manner as provided in Chapter 4 (commencing with Section 1285) of Title 9 of Part 3 of the Code of Civil Procedure."  (§ 6203, subd. (b).)

A party to an arbitration may petition the court to confirm, correct or vacate the award.  (Code of Civ. Proc.,

17

§ 1285.)[5]  A response to a petition may request that the court dismiss the petition or confirm, correct or vacate the award. (Code of Civ. Proc., § 1285.2.)  A petition or a response requesting that the court correct or vacate an award must set forth the grounds for the relief.  (Code of Civ. Proc, § 1285.8.)

When a party files a petition under Code of Civil Procedure section 1285, the trial court has only four choices under Code of Civil Procedure section 1286:  (1) confirm the award, (2) correct the award and confirm it as corrected, (3) vacate the award, or (4) dismiss the proceeding.[6]  (*Glassman v. McNab* (2003) 112 Cal.App.4th 1593, 1598 (*Glassman*); *Law Offices of David S. Karton v. Segreto* (2009) 176 Cal.App.4th 1, 8 (*Karton*).)

The exclusive grounds for vacating an arbitration award are provided in Code of Civil Procedure section

---

[5] The petition must name all the parties to the arbitration as respondents and may name any other people bound by the arbitration award.  (Code of Civ. Proc., § 1285.)

[6] Code of Civil Procedure section 1286 provides:  "If a petition or response under this chapter is duly served and filed, the court shall confirm the award as made, whether rendered in this state or another state, unless in accordance with this chapter it corrects the award and confirms it as corrected, vacates the award or dismisses the proceeding."

1286.2[7] (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 27–28 (*Moncharsh*)), including that the trial court shall vacate an award when "[t]he arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted." (Code of Civ. Proc., § 1286.2, subd.(a)(4))  The exclusive grounds for

_____

[7] The grounds provided in Code of Civil Procedure section 1286.2, subdivision (a), for vacating an award are as follows:  "Subject to Section 1286.4, the court shall vacate the award if the court determines any of the following:  [¶] (1) The award was procured by corruption, fraud or other undue means.  [¶] (2) There was corruption in any of the arbitrators.  [¶] (3) The rights of the party were substantially prejudiced by misconduct of a neutral arbitrator.  [¶] (4) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted.  [¶] (5) The rights of the party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title.  [¶] (6) An arbitrator making the award either:  (A) failed to disclose within the time required for disclosure a ground for disqualification of which the arbitrator was then aware; or (B) was subject to disqualification upon grounds specified in Section 1281.91 but failed upon receipt of timely demand to disqualify himself or herself as required by that provision. However, this subdivision does not apply to arbitration proceedings conducted under a collective bargaining agreement between employers and employees or between their respective representatives."

19

correcting an arbitration award are contained in Code of Civil Procedure section 1286.6.[8] (*Moncharsh, supra*, 3 Cal.4th at p. 28.) The court must dismiss the proceeding as to respondent if the court determines the person "was not bound by the arbitration award and was not a party to the arbitration." (Code of Civ. Proc., § 1287.2.) Courts have suggested additional circumstances exist that would allow the court to dismiss the proceeding. (*Karton, supra*, 176 Cal.App.4th at p. 8, fn. 12 [stating in dicta that other procedural bases may exist for dismissal of a proceeding, such as when a petition is filed after the four year statute of limitations set forth in Code of Civil Procedure section 1288,[9]

---

[8] The grounds for correction of an award are as follows: "Subject to Section 1286.8, the court, unless it vacates the award pursuant to Section 1286.2, shall correct the award and confirm it as corrected if the court determines that: [¶] (a) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award; [¶] (b) The arbitrators exceeded their powers but the award may be corrected without affecting the merits of the decision upon the controversy submitted; or [¶] (c) The award is imperfect in a matter of form, not affecting the merits of the controversy." (Code Civ. Proc., § 1286.6.)

[9] "A petition to confirm an award shall be served and filed not later than four years after the date of service of a signed copy of the award on the petitioner. A petition to vacate an award or to correct an award shall be served and filed not later than 100 days after the date of the service of a

20

a party to a non-binding arbitration award filed a timely request for trial de novo, or any procedural basis that would justify dismissal of any other civil action]; *Cinel v. Christopher*, *supra*, 203 Cal.App.4th at p. 767 [dismissal was proper when there was no "award" within the meaning of Code of Civil Procedure section 1283.4]; *Maplebear, Inc. v. Busick* (2018) 26 Cal.App.5th 394, 399–401 [concluding from case law that Code of Civil Procedure section 1287.2 does not contain exclusive grounds for dismissal of proceeding].)

Judicial review of the arbitrator's award is limited to the grounds set forth in Code of Civil Procedure sections 1286.2 (to vacate) and 1286.6 (to correct). (*Moncharsh*, *supra*, 3 Cal.4th at p. 33.) "Under this rule, courts will not review the arbitrator's reasoning or the sufficiency of the evidence supporting the award. (*Moncharsh*, *supra*, 3 Cal.4th at pp. 10–11.)" (*Cooper v. Lavely & Singer Professional Corp.* (2014) 230 Cal.App.4th 1, 12 (*Cooper*).) "[Even] the existence of an error of law apparent on the face of the award that causes substantial injustice does not provide grounds for judicial review." (*Moncharsh*, *supra*, 3 Cal.4th at p. 33.) "Thus, it is the general rule that, with narrow exceptions, an arbitrator's decision cannot be reviewed for errors of fact or law." (*Id.* at p. 11.)

We subject the trial court's ruling on a petition under Code of Civil Procedure section 1285 to a different standard of review than the underlying arbitration award. (*Cooper*,

_____

signed copy of the award on the petitioner." (Code of Civ. Proc., § 1288.)

21

*supra*, 230 Cal.App.4th at p. 11.)  We apply the substantial evidence test to the trial court's determination of disputed factual issues.  (*EHM Productions, Inc. v. Starline Tours of Hollywood, Inc.* (2018) 21 Cal.App.5th 1058, 1063 (*EHM*).)  "Issues of statutory interpretation and the application of that interpretation to a set of undisputed facts are questions of law subject to independent review by this court.  (*Twedt v. Franklin* (2003) 109 Cal.App.4th 413, 417.)"  (*Loeb v. Record* (2008) 162 Cal.App.4th 431, 441.)

## No Extension of Time to Request Trial Based on Service by Mail

Tierney contends the time to file an action seeking a trial after arbitration under section 6204 is not extended under Code of Civil Procedure section 1013 when the arbitration award is served by mail.  We agree.

Prior to January 1, 2010, former section 6203, subdivision (b), stated that an arbitration award under the MFAA became binding "30 days after mailing of notice of the award," unless a party sought a trial de novo within 30 days as provided under section 6204.  Former section 6204, subdivision (c), similarly measured the time to file an action from the date of mailing of the notice:  "If no action is pending, the trial after arbitration shall be initiated by the commencement of an action in the court having jurisdiction over the amount of money in controversy within 30 days after mailing of notice of the award.  After the filing of such

an action, the action shall proceed in accordance with the provisions of Part 2 (commencing with Section 307) of the Code of Civil Procedure, concerning civil actions generally."

Code of Civil Procedure section 1013, subdivision (a), provides in relevant part that "Service is complete at the time of the deposit, but any period of notice and any right or duty to do any act or make any response within any period or on a date certain after service of the document, which time period or date is prescribed by statute or rule of court, shall be extended five calendar days, upon service by mail, if the place of address and the place of mailing is within the State of California, . . . but the extension shall not apply to extend the time for filing notice of intention to move for new trial, notice of intention to move to vacate judgment pursuant to Section 663a, or notice of appeal. This extension applies in the absence of a specific exception provided for by this section or other statute or rule of court."

In *Simpson v. Williams* (1987) 192 Cal.App.3d 285, 286–287 (*Simpson*), the appellate court considered whether Code of Civil Procedure section 1013 extended the time for filing an action under sections 6204. The *Simpson* court concluded from the express language of the statute that the date of mailing of an arbitration award commenced the period for requesting a trial de novo, not the date of service of the award. (*Id*. at pp. 288–289.) Because the statutory language did not refer to service of the award, Code of Civil Procedure section 1013 did not apply to extend the time to act. (*Ibid*.) However, the *Simpson* court concluded relief

23

was available under Code of Civil Procedure section 473. (*Id.* at p. 291.)

"[T]he cases have consistently held that where a prescribed time period is commenced by some circumstance, act or occurrence other than service then section 1013 will not apply. [Citations.] [¶] On the other hand, where a prescribed time period is triggered by the term 'service' of a notice, document or request then section 1013 will extend the period. [Citations.]" (*Citicorp North America, Inc. v. Superior Court* (1989) 213 Cal.App.3d 563, 567–568, fn. omitted.)

We note that former rule 732 of the State Bar Rules of Procedure for Fee Arbitration provided that service was to be made by personal delivery or by mail, and "[t]he service is complete at the time of deposit. The time for performing any act shall commence on the date service is complete and shall not be extended by reason of service by mail."

The California Supreme Court in *Maynard v. Brandon* (2005) 36 Cal.4th 364, 369 (*Maynard*), overruled *Simpson* as to the availability of relief under Code of Civil Procedure section 473, holding instead that "section 473, subdivision (b) cannot remedy a failure to meet the 30-day deadline for seeking a trial following arbitration under the MFAA." Code of Civil Procedure section 473, subdivision (b) cannot provide relief from deadlines that are jurisdictional, such as the time to move for a new trial, the applicable limitations period to institute an action, and the time for filing of a notice of appeal. (*Maynard*, *supra*, at pp. 372–373.) The *Maynard*

24

court found the MFAA's procedure for a trial de novo following arbitration was like a conventional appeal, because it allows a court to determine a dispute previously decided in another forum. (*Id.* at p. 374.) "As a general rule, section 473, subdivision (b) cannot extend the period in which a party must file a notice of appeal. No persuasive justification exists for departing from this well-established principle here, as the MFAA's terms, policy goals, and legislative history all indicate that the Legislature did not intend for the 30-day deadline for seeking a trial after fee arbitration to be subject to extension through invocation of section 473, subdivision (b)." (*Id.* at p. 369.)

In 2009, the Legislature enacted an omnibus bill containing several provisions that the Senate Committee on Judiciary characterized as "technical and clarifying changes." (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 544 (2009–2010 Reg. Sess.) as amended May 4, 2009.) Among these revisions, the Legislature replaced the word "mailing" with "service" in sections 6203 and 6204, effective January 1, 2010. (Stats. 2009, ch. 54, §§ 2, 3, pp. 287–289.) The Senate Committee on Judiciary explained, "Under existing law, two sections of the Business and Professions Code that relate to mandatory fee arbitration refer to the 'mailing' of documents by the arbitration program. (Bus. & Prof. Code Secs. 6203, 6204.) This provision would clarify those sections by replacing 'mailing' with 'service.' [¶] The State Bar, sponsor of this provision, states that the use of the word mailing 'has occasionally created confusion for

25

parties and may jeopardize the rights of parties in ways that the statutes did not intend.' Accordingly, the substitution of 'service' for 'mailing' is intended to eliminate confusion." (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 544, *supra*, at p. 6.)

As a result, section 6203, subdivision (b) currently provides: "Even if the parties to the arbitration have not agreed in writing to be bound, the arbitration award shall become binding upon the passage of 30 days after service of notice of the award, unless a party has, within the 30 days, sought a trial after arbitration pursuant to Section 6204. . . . If no action is pending in any court, the award may be confirmed, corrected, or vacated by petition to the court having jurisdiction over the amount of the arbitration award, but otherwise in the same manner as provided in Chapter 4 (commencing with Section 1285) of Title 9 of Part 3 of the Code of Civil Procedure."

Section 6204 provides: "(a) The parties may agree in writing to be bound by the award of arbitrators appointed pursuant to this article at any time after the dispute over fees, costs, or both, has arisen. In the absence of such an agreement, either party shall be entitled to a trial after arbitration if sought within 30 days, pursuant to subdivisions (b) and (c), . . . [¶] (b) If there is an action pending, the trial after arbitration shall be initiated by filing a rejection of arbitration award and request for trial after arbitration in that action within 30 days after service of notice of the award. . . . [¶] (c) If no action is pending, the

trial after arbitration shall be initiated by the commencement of an action in the court having jurisdiction over the amount of money in controversy within 30 days after service of notice of the award. After the filing of such an action, the action shall proceed in accordance with the provisions of Part 2 (commencing with Section 307) of the Code of Civil Procedure, concerning civil actions generally."

Although the Legislature's substitution of the term "service" in sections 6203 and 6204 could appear to resurrect the issue of whether Code of Civil Procedure section 1013 extends the time to seek a trial, the LACBA rules refer to Code of Civil Procedure section 1013 and clearly state that no extension of time is provided for service of an arbitration award by mail. Rule 45(a) of the LACBA rules provides, "Unless expressly stated in these Rules to the contrary, service of any notice or other paper shall be by personal delivery or by deposit in the United States mail, . . . The service is complete at the time of deposit in the mail (Code Civ. Proc. § 1013 (a)). The timing for performing any act shall commence on the date of service is complete [*sic*] and shall not be extended by reason of service by mail."

Rule 3.513 of the State Bar Rules of Procedure for Fee Arbitrations and the Enforcement of Awards (the State Bar rules) similarly provides: "(A) Unless these rules provide otherwise, service is by personal delivery or by mail pursuant to Code of Civil Procedure section 1013(a). . . . [¶] (B) Service by mail is complete at the time of deposit in the United States mail or in a business facility used to collect

27

and process correspondence for mailing with the United States Postal Service. The time for performing any act commences on the date service is complete and shall not be extended by reason of service by mail."

The deadline for seeking a trial after arbitration under the MFAA, like the time to file a motion for new trial or a notice of appeal, is jurisdictional. The LACBA rules state that the time for initiating a trial de novo begins to run on the date that service is complete, without extension for service by mail. Since the rules enacted by LACBA and the State Bar at the direction of the Legislature provide a specific exception to the extension of Code of Civil Procedure section 1013, the extension does not apply.

Our conclusion is supported by the legislative history of the amendments to sections 6203 and 6204, which reflects that the amendments were proposed to clarify existing law. At the time, the existing case law and the State Bar arbitration rules clearly stated that the time limit to seek a trial was not extended for service of the award by mail, but the use of the term "mailing" in the statutes was ambiguous if a different method of service was employed. There is no indication that the State Bar or the Legislature intended the statutory amendments to change the time limit applicable to service of an arbitration award by mail.[10]

---

[10] The Senate Committee on Judiciary Analysis does not specify the nature of the "confusion" that SB 544 intended to correct. Soni argues on appeal that the change could only have been intended to clear up confusion over

Since Soni did not file the complaint within 30 days of service of the award, the award became binding and the petition to confirm the award should have been granted.

## Tolling Statute

Soni contends section 6206 tolled the time to file a civil action until 30 days after receipt of the notice of the arbitration award, and therefore, his civil action was timely. We conclude section 6206 tolled the statutes of limitation applicable to his claims, but did not affect the date that the arbitration award became binding.

Section 6206 provides in relevant part: "The time for filing a civil action seeking judicial resolution of a dispute subject to arbitration under this article shall be tolled from the time an arbitration is initiated in accordance with the rules adopted by the board of trustees until (a) 30 days after receipt of notice of the award of the arbitrators, or (b) receipt

whether the time for challenging an arbitral award was extended by Code of Civil Procedure section 1013, otherwise the change would be superfluous. Soni's premise is not correct. Because the State Bar rules of procedure for fee arbitrations provided that service was to be made by personal delivery or by mail, use of the word "mailing" as the trigger for commencing the 30-day period could create confusion about whether and when personal delivery might start the clock running. The amendment of Section 6203(b) to replace the word "mailing" with "service" eliminates any confusion over the commencement of the 30-day period.

29

of notice that the arbitration is otherwise terminated, whichever comes first."

Section 6206 encourages arbitration by tolling the applicable statutes of limitation during arbitration proceedings. A party will not lose the right to file a civil action due to the statute of limitations running while the parties are engaged in arbitration. But section 6206 does not affect the time in which an arbitration award becomes binding under sections 6203 and 6204. In this case, the statutes of limitation on Soni's claims for breach of contract, quantum meruit, money had and received, book account, fraudulent and negligent misrepresentation, fraudulent inducement to enter into a contract, and breach of guaranty were tolled during the arbitration of the fee dispute and did not resume again until 30 days after Soni received notice of the award. For example, if Soni had two years to file a civil action within the statute of limitations when the arbitration was initiated, then 30 days after his receipt of notice of the award, the statute of limitations began to run again and he had two years to file a civil action within the statute of limitations from that date, regardless of the length of the arbitration proceedings. However, 30 days after service of the award, unless a civil action had been filed, the arbitration award became binding. Once the award became binding, it had the force and effect of a contract between the parties.

The structure of section 6206, read in isolation, is arguably confusing, and it may present a trap for the

unwary.[11]  Our interpretation of section 6206, however,
operating in conjunction with the other provisions of the
MFAA, is supported by the legislative history of Assembly
Bill No. 3475 (1983–1984 Reg. Sess.), which amended section
6206 to add the tolling language.  (Stats. 1984, ch. 825, § 6,
p. 2855.)  The legislative reports state that among other
changes, the bill specifies the procedure to request a trial
within 30 days after mailing of notice of the arbitration
award, and "provides that the statute of limitation for filing
a civil action to resolve an attorney fee dispute would be
tolled from the time the arbitration procedure is initiated
until (a) 30 days after receipt of notice of the arbitration
award or (b) receipt of notice that the arbitration is
otherwise terminated."  (Assem. Com. on Judiciary, Analysis
of Assem. Bill No. 3475 (1983–1984 Reg. Sess.) as amended
Apr. 23, 1984, p. 2; see Sen. Com. on Judiciary, Analysis of
Assem. Bill No. 3475 (1983–1984 Reg. Sess.) as amended
Apr. 23, 1984, p. 6.)  When Soni filed his action against
Tierney, the claims were not barred by the statute of
limitations, but the arbitration award that determined the
claims was binding.

**Alternate Grounds**

Soni contends there are alternate grounds to support
the trial court's order.  He asserts that Tierney's request for

---

[11] To the extent the current statutory language may
cause confusion, it is up to the Legislature to clarify it.

31

arbitration was untimely, and as a result, the arbitrator lacked jurisdiction to conduct the arbitration. Lack of jurisdiction is a ground to vacate an arbitration award. We conclude that Soni is barred from opposing confirmation of the award on this ground, because Soni did not file a petition or a response raising this ground within 100 days of service of the award.

### A. Time Limit to Assert Grounds to Vacate

One of the statutory grounds to vacate an arbitration award is that "[t]he arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted." (Code of Civ. Proc., § 1286.2, subd. (a)(4).) Code of Civil Procedure section 1286.2, subdivision (d), allows a trial court to vacate an arbitrator's implied or express finding of jurisdiction when the award is outside the scope of statutes providing for arbitration. (*National Union Fire Ins. Co. v. Stites Prof. Law Corp.* (1991) 235 Cal.App.3d 1718, 1724.) If the court determines that the arbitrators exceeded their power and the award cannot be corrected without affecting the merits, the plain language of Code of Civil Procedure section 1286.2, subdivision (a)(4), requires the court to vacate the arbitration award.

A petition or a response seeking to vacate or correct an arbitration award must be filed within 100 days after service of the award. (Code of Civ. Proc., § 1288.) A petition to

32

confirm the award, however, may be filed within four years after service of the award.  (*Ibid.*)

"A party who fails to timely file a petition to vacate under section 1286 may not thereafter attack that award by other means on grounds which would have supported an order to vacate.  (*Knass v. Blue Cross of California* (1991) 228 Cal.App.3d 390, 393–396.)" (*Louise Gardens of Encino Homeowners' Assn., Inc. v. Truck Ins. Exchange, Inc.* (2000) 82 Cal.App.4th 648, 659 (*Louise Gardens*).)  "'Although section 1287.4 allows an appeal from a judgment confirming an arbitrator's award, we find no indication that the section contemplates allowing a party to bypass the procedures which provide for limited review by the superior court.  . . . [¶]  The arbitration statute is clear.  A party to an arbitration proceeding must challenge an award under section 1288 by a petition to vacate or correct the award within 100 days of service of the award.  An appeal of the judgment confirming the award may not be used to circumvent the prescribed time allowed to petition for vacation or correction of the award.'  (*Knass v. Blue Cross of California, supra*, 228 Cal.App.3d at pp. 395–396; see also *Davis v. Calaway* (1975) 48 Cal.App.3d 309, 311.)" (*Louise Gardens, supra*, 82 Cal.App.4th at p. 660, fn. omitted.)

"If the rule were otherwise, a party who missed the initial 100-day deadline would be able to resurrect any otherwise time-barred challenge by filing a timely response to a petition to confirm." (*Douglass v. Serenivision, Inc.* (2018) 20 Cal.App.5th 376, 385 (*Douglass*).)

33

Soni did not file a petition to vacate the arbitration award, and Soni's response to the petition to confirm the award was filed more than 100 days after service of the award. As a result, Soni was barred from asserting that the arbitrator exceeded his powers as a ground to prevent confirmation of the petition.

## B. Authority to Determine Jurisdiction under the MFAA

Even if we were to conclude that Soni could raise issues concerning the arbitrator's jurisdiction, we would conclude that the arbitrator did not exceed his powers and his ruling on the issue of arbitrability is not subject to review for legal or factual errors.

Section 6201, subdivision (a), requires the rules adopted by the board of trustees to provide that "the client's failure to request arbitration within 30 days after receipt of notice from the attorney shall be deemed a waiver of the client's right to arbitration under the provisions of this article." Rule 8(c) of the LACBA rules provides that a client's right to request or maintain arbitration is waived if "[t]he client fails to submit a request for arbitration in writing that is either postmarked or actually received by the Los Angeles County Bar Association 30 days or less after the client's receipt of the 'Notice of Client's Right to Arbitration' (Bus. & Prof. Code § 6201 (a))."

An arbitration award must include a determination of all the questions submitted to the arbitrators which were necessary to decide in order to determine the controversy. (§ 6203.) The LACBA rules give the arbitrator authority to determine whether a request for arbitration is timely. Rule 12(b) of the LACBA rules provides, "Each sole arbitrator or panel shall have the authority to determine jurisdiction and shall decline to act if it determines that it lacks jurisdiction." Under the LACBA rules, arbitrators have the authority to determine their own jurisdiction over fee disputes between client and the client's attorney, including a determination of whether the client's conduct constitutes a waiver of arbitration under the MFAA. (*Manatt, Phelps, Rothenberg & Tunney v. Lawrence* (1984) 151 Cal.App.3d 1165, 1170–1171 [LACBA rules gave arbitration panel authority to determine whether conduct waived arbitration rights, terminating arbitration].)

The arbitrator in this case had the authority to rule on the issue of arbitrability, and implicitly or expressly found the request for arbitration was timely. We do not review the substance of the arbitrator's ruling for legal or factual errors.

## DISPOSITION

The judgment and the order denying the petition to confirm the arbitration award are reversed. The trial court is directed to enter a new and different order granting the petition to confirm the arbitration award. Appellant Timothy Tierney and his company SimpleLayers, Inc., formerly known as Cartograph, Inc., are awarded their costs on appeal.


MOOR, J.


I concur:


KIM, J.

36

Surjit P. Soni v. Simplelayers, Inc. et al.
B284164


BAKER, Acting P. J., Concurring


I write separately to underscore a point made in the opinion for the court, which I join in full.

The court's opinion observes "[t]he structure of section 6206, read in isolation, is arguably confusing, and it may present a trap for the unwary." That is an understatement. The statutory scheme *is* confusing, full stop, and it *does* present a trap for the unwary.

As the opinion for the court explains, Business and Professions Code section 6206 (section 6206) tolls the time to file a civil action until 30 days after *receipt* of the notice of a fee arbitration award. Many lawyers work right up until a deadline, and those who do will file a lawsuit only at the end of this tolling period. The problem is that Business and Professions Code section 6203 (section 6203) states a fee arbitration award becomes binding on the arbitrating parties—even if they have not agreed to be bound—"upon the passage of 30 days after *service* of the notice of the [fee arbitration award], unless a party has, within the 30 days, sought a trial after arbitration . . . ." (Bus. & Prof. Code, § 6203, subd. (b), italics added.) In practice, this means the uninitiated will timely file civil actions in court near the end

of the section 6206 tolling period (measured from receipt of the award notice) but these actions will be dead on arrival because the arbitration award by that time will have already become binding under section 6203 (where the deadline runs from service of the award notice, which often precedes receipt by days).  The statutory scheme's unexplained use of differing deadlines that turn on "service" in one place and "receipt" in another will predictably result in unintentional forfeiture of the prerogative to challenge arbitral fee awards in court.

That is just what we have here.  Respondent Surjit Soni waited to bring a civil action until 29 days after the date on which he said he received notice of the arbitrator's award.  By that time, however, the award had become binding.  The Legislature surely did not intend to create a trap for unwary litigants, but a trap is indeed what we now have.  Fortunately, the Legislature can easily remedy the problem by making both of the section 6203 and 6206 deadlines run from the same triggering event, *receipt* of notice of an arbitration award.


BAKER, Acting P. J.

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| SURJIT P. SONI, | B284164 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. EC063728) |
| v. | ORDER CERTIFYING OPINION FOR PUBLICATION |
| SIMPLELAYERS, INC., et al., | |
| Defendants and Appellants. | |


THE COURT:

The opinion in the above-entitled matter filed on November 22, 2019, was not certified for publication in the Official Reports.  Upon request by a non-party to this action, the arbitrator who adjudicated the fee dispute at issue, and

for good cause appearing, it is ordered that the opinion shall be published in the Official Reports.

Pursuant to California Rules of Court, rule 8.1105(b), this opinion is certified for publication.


_____

BAKER, Acting P. J.          MOOR, J.          KIM, J.

2